The City of Madison v. Korbly.

## THE CITY OF MADISON v. KORBLY.

OFFICE.—*Title to.*—If a person is legally entitled to an office of which he is not in actual possession, it is his property, and he cannot be restricted to the compensation provided therefor, but may demand the office itself.

SAME—*City Attorney.—Common Council.—Mandate.*—A writ of mandate will lie to reinstate a city attorney appointed by the common council and afterwards wrongfully removed by it from the office.

SAME.—*Removal from Office.—Statute Construed.*—The common council of a city incorporated under the general law for the incorporation of cities (Acts of 1867, p. 33), may, under the 8th section of that act, remove from office a city attorney, by the vote of a mere majority, where the removal is contemplated without any offense being charged, but simply at the pleasure of the council. Section 88 of said act has reference only to cases of removal from office for an offense committed.

APPEAL from the Jefferson Common Pleas.

RAY, J.—On the 15th day of December, 1868, the appellee filed his petition under oath, alleging that the appellant was a corporate city, under act of the legislature of 1867, and by her common council, on the 15th day of May, 1867, elected him as city attorney; that he gave bond, and took the oath of office, and entered upon his duties, and continued to act in that capacity until the 21st of May, 1868, when the council, by a majority vote, but less than two-thirds thereof, declared the office to be vacant, without preferring any charges against him; and that the council, mayor, and other officers, by said resolution, have prevented him from performing the duties of the office and from receiving the salary which had accrued after his removal, and up to the time of bringing this action, and had refused to recognize him as such attorney and allow him to perform the duties of said office, although he was at all times ready and willing to do so. And he asked that a writ of mandate issue against the city, to compel her to recognize him as city attorney and allow him to perform the duties of his office; and also for the sum of one hundred and fifty dollars, the two quarters' salary due the 1st of November, 1868,

which was the salary that had accrued between the time of his removal, and the bringing of the action.

The court issued an alternate writ, which recited substantially the matter set out in the petition, and was served by the sheriff.

The appellant, by her attorney, entered a special appearance, neither affirming nor denying the matters stated, and moved the court to quash the writ, for the reason that the appellee had an ample and complete remedy at law for all grievances complained of in the petition; which motion was overruled, and the appellant excepted.

The appellant then demurred to the petition, alleging that it did not state facts sufficient to entitle the appellee to the relief asked; which demurrer was overruled, and exception was taken.

The appellant then made return to the writ, stating that she was an incorporated city under the general laws of the State of Indiana; that she, by her common council, elected said attorney on the 15th of May, 1867, the term of time of said office not being mentioned; that she, the said city, claimed that the said attorney was subject to removal at the pleasure of said appellant's common council; and that said council, at a regular meeting, held on the 21st of May, 1868, dispensed with the services of said attorney, and discharged him; of which action said attorney had then and there notice. And she claimed that she thus might legally and rightfully remove said attorney, by virtue of the laws governing incorporated cities; and alleged that she paid said attorney for all services up to the time of his removal from said office.

With the answer and return was filed a copy of the order removing the attorney.

To the return, the appellee filed a demurrer, alleging that the return did not state facts sufficient to constitute a good return; which demurrer was sustained, and the appellant excepted, and abided the demurrer.

And the court rendered judgment on the petition, order-

ing a peremptory mandate to issue, commanding appellant to recognize said appellee as attorney, and allow him to perform the duties of said office, unless removed by a two-thirds vote of said council, and rendered judgment for one hundred and fifty dollars, two quarters' salary which had accrued since his removal.

On the first question presented by the motion and the demurrer, regarding the remedy, it is sufficient to say that if the appellee is legally entitled to the office he claims, it is his property, and he cannot be restricted to the compensation provided for the office, but may demand the office itself. *Glascock* v. *Lyons*, 20 Ind. 1.

The remaining question requires us to place a construction upon the 8th and 88th sections of the general law for the incorporation of cities. These sections are as follows:

"Sec. 8. The officers of such city shall consist of a mayor, two councilmen from each ward, a city clerk, assessor, treasurer, civil engineer, street commissioner and marshal, and if the common council deem it expedient for the best interests of the city, a city attorney and city judge. The city attorney, street commissioner and civil engineer, shall be appointed by the common council: *Provided,* That the common council may dispense with the street commissioner and require the marshal to perform his duties. All such officers shall hold their respective offices for two years and until their successors are elected and qualified, except as herein provided. After the first general election on the first Tuesday in May, said officers shall respectively hold their offices as follows, to wit: The mayor, city judge, clerk, assessor, marshal and treasurer, two years each. The city attorney, street commissioner, and civil engineer, two years each subject to removal by said city council at their pleasure, and the councilmen shall be chosen by the legal voters of their respective wards, and one councilman from each ward, to be determined by lot at the first regular meeting after their election, shall hold his office one year and the other, to be determined in like manner, shall hold his office

two years, and annually thereafter, one councilman shall be elected by the legal voters of each ward, and all of said officers shall hold their respective offices during their respective terms, and until their successors are elected and qualified. The said clerk, assessor, treasurer, and marshal, with the consent of the common council, may appoint one or more deputies when necessary: *Provided further*, That the common council of any city governed by the provisions of this act, may order the election of an auditor, who shall be elected as other city officers are elected, and shall hold his office for two years and until his successor is elected and qualified, and when so elected the common council shall, by ordinance, provide for his qualification, powers and duties, which shall in no manner conflict with the provisions of this act: *And provided further*, That no person shall hold the office of councilman unless he is a resident of the ward from which he is elected, and in case of the removal of any councilman from the ward from which he was elected, the common council shall have power to declare the office vacant, and order a special election to fill such vacancy."

"Sec. 88. Any member of the common council may be expelled or removed from office by a two-thirds vote of the whole number elected, but not a second time for the same offense. Any officer of such municipal corporation, whether elected or appointed, may be removed by a like vote. The common council shall make provision in their by-laws or ordinances, as to the mode in which charges shall be preferred, and a hearing of the same had."

The provision in the 8th section fixing the term of office, not at two years absolutely, but for that term only at the pleasure of the council, would seem to be sufficiently explicit, and there could be no question that the vote of a majority would be indicative of the wish of that body, were it not for the use of the language in the 88th section, declaring that any officer of such municipal corporation, whether elected or appointed, may be removed by a like vote; that is, a two-thirds vote.

The only doubt that can arise is upon the application of this language to the removal contemplated in the 8th section. It seems palpable, however, that while the two sections have a general subject in common, yet each is limited in its application to a distinct set of circumstances—the 8th section to a case where a removal is contemplated without cause, except the pleasure of the council; the 88th, to a case where the officer has been guilty of an offense. In the one case the power of removal can be only exercised as to three officers, and involves no personal discredit to the officer removed; in the other, it applies to all officers, and involves a distinct charge of malfeasance in office, and requires a two-thirds vote, cast under the solemn obligations of the official oath of each member.

The 88th section is limited to cases of removal for an offense committed, and the language of the provision extending this power of removal over all officers should restrict it also to a case where the removal was for such a cause. Any other construction, would, in effect, transpose the provision from the 88th section, where the legislature have placed it, to the 8th section. Yet it can be reasonably given force and effect where it now stands, and a force and effect which will not also destroy an entirely independent provision of another section, which must result if it be arbitrarily transposed and incorporated in that section.

Again, the common council may appoint by a mere majority. They may by a mere majority adopt a certain line of policy. Their officer may refuse to execute this policy, and may be sustained in this course by more than one-third and less than a majority of the council. If this officer, whose duties are simply executive, may thus refuse to execute the will of a majority, he in fact renders that majority subject to the control of the minority. The power of removal, however, resting in the majority, without any offense charged, prevents this, and enables a majority of the council to execute its will, by selecting its agents and requiring them to obey under the penalty of removal. It is

clearly the policy of our form of government that an inferior legislative body, having the power to adopt a line of proceeding, should at the same time have the power in their own hands to enforce the execution of their orders.

We think the demurrer, or exception to the return of the appellant, should have been overruled.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion. Costs here.

J. Y. Allison and W. T. Friedley, for appellant.

C. E. Walker and C. A. Korbly, for appellee.