*J. Y. Allison* and *W. T. Friedley*, for appellant.

*C. E. Walker* and *C. A. Korbly*, for appellee.

---

THE CITY OF MADISON *v.* KELSO.

CITY.—*Street Commissioner.—Removal from Office.—Statute Construed.*—The common council of a city incorporated under the general law for the incorporation of cities (Acts 1867, p. 33) may, by a majority vote, remove and dispense with the street commissioner and require the marshal to perform his duties. *City of Madison* v. *Korbly, ante,* p. 74, adhered to.

APPEAL from the Jefferson Common Pleas.

RAY, J.—The plaintiff filed his complaint on the 7th day of November, 1868, alleging, that the common council of the city of Madison, on the 9th day of May, 1867, appointed and elected him to the office of street commissioner of said city, fixing his compensation at six hundred dollars per annum, payable quarterly; that he gave bond, qualified, and took upon himself the discharge of the duties of his trust, and continued to discharge his duties until the 4th day of June, 1868, at which time, by resolution of the common council, he was removed from office, and his duties were required to be performed by another; that the council consisted of twelve members and a presiding officer, and that he, plaintiff, was not removed by a vote of two-thirds of said council; that he had been ready and willing to per-

form the duties of said office since that time, and the city had refused to pay him since his removal; that he had been without employment since that time; and that there is due him two hundred and fourteen dollars, his salary from the 4th day of June (time of his removal) to the 7th of November, 1868.

With the complaint, the plaintiff filed a copy of the resolution under which he claims, which states as to plaintiff, "that, on motion, an election for city officers was entered into and resulted in the election of Samuel Kelso as street commissioner, and that the salary of street commissioner be fixed at six hundred dollars per annum."

To the complaint the appellant filed a demurrer, alleging that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and appellant excepted.

The appellant then filed an answer of three paragraphs, but afterwards withdrew the first and second and relied on the third, which stated that the appellant was a corporate city, operating under the general laws of the State for the incorporation of cities, and that she, by her common council, on the 21st of May, 1868, by a resolution passed, removed the street commissioner, vacating the office thereof and requiring the city marshal to perform said duties, as she might legally and properly do; that the appellant had due notice of her action; and that the marshal had performed the duties of said office ever since that time. The order vacating the office was made part of the answer, and that part relating to appellee is as follows: "That the office of street commissioner be vacated, and the marshal be required to perform the duties of street commissioner."

To this answer the appellee filed a demurrer, alleging that it did not state facts sufficient to constitute a defense—that it did not meet the case made by complaint.

The court sustained the demurrer, and the appellant excepted and refused to answer further, and judgment was

taken upon demurrer, no evidence being adduced; to which ruling and judgment the appellant excepted.

It will be observed that the 8th section of the act for the incorporation of cities which is set out in full in the opinion in the case of *The City of Madison* v. *Korbly, ante,* p. 74, provides that the common council may dispense with the street commissioner and require the marshal to perform his duties. The ruling in the case already cited, that the city attorney, street commissioner, and civil engineer may be removed by the vote of a majority of the council, involves also the necessary conclusion that such majority may, at their pleasure, dispense with the street commissioner and require the marshal to perform his duties. The answer of the appellant discloses such action by the council, and the demurrer should have been overruled, as that fact constituted a complete defense to the action.

Judgment reversed, and cause remanded, with direction to overrule the demurrer to the third paragraph of appellant's answer. Costs here.

*J. Y. Allison* and *W. T. Friedley,* for appellant.

*H. W. Harrington* and *C. A. Korbly,* for appellee.