M. M. SMITH *et al.*, plaintiffs in errorr, *vs.* W. A. MAGOU-RICH *et al.*, defendants in error.

Under an Act of the Legislature a new county was organized, and the voters required by ballot, under the usual superintendents of such elections, to locate the county site, and in casting their ballots various places were designated, which the commissioners, appointed by the Legislature, together with the Ordinary elect, from their contiguity to each other and a common understanding among the people as to what was meant, held .to be one and the same thing, and consolidated the various votes, which, by addition together, gave a majority over the centre of the county, which was also voted for ; and such commissioners proceeded, under the Act, to lay out town lots and offer them for sale ; and other citizens dissatisfied with their judgment, brought a bill of injunction to enjoin such commissioners, and the Court below granted the injunction upon the hearing of the various affidavits, *pro* and *con*, touching the premises. Several witnesses testified that these various places were not the same and a much larger number testified that they were :

*Held,* Under the facts in this case, that a Court of equity had jurisdiction at the instance of citizens of the county to enjoin the commissioners from doing what they alleged to be at illegal act, which resulted to their injury as tax-payers and property holders of the county.

*Held, again,* Under the facts in this case, that the question of location upon the part of the commissioners, being a question of disputed fact, we cannot say that the Judge violated the discretion vested in him by law in granting the injunction ; and we, therefore, affirm the judgment,

with the following modification and direction, to-wit: that the place selected by the commissioners and located by them, shall remain as now located, as the place for the transaction of county business by the officers of said county, who may make such arrangements in connection with the commissioners, for the holding of Courts at that place as may to them seem proper until the final hearing of this case.

Injunction.    Before Judge WRIGHT.    Douglass Superior Court.    October Term, 1871.

The necessary facts are in the head-note as delivered from the Bench.

PEEPLES & HOWELL, for plaintiffs in error.

HUGH BUCHANON; GEORGE N. LESTER, for defendant.

LOCHRANE, Chief Justice.

The Legislature of Georgia, by an Act approved October 17, 1870, provided for the organization of a new county, and by the second section thereof it was enacted "that all persons included within the limits of said county who are entitled by law to vote, shall, at the several precincts of said county, elect their county officers, etc., and also, at the same time and places, by ballot, locate their county site at some suitable and convenient place in said new county, under the same rules and regulations as other elections. The third section enacts that the Ordinary of said new county elect, with four commissioners therein named, shall, after the county site is located as hereinbefore provided, purchase a tract of land at said county site, lay off the same into town lots and sell them at public sale, and apply the proceeds of the same to the building of a Court-house and jail for said county." It appears from the record an election was held in this new county, and the commissioners, after such election, in the opinion entertained by them, located the county site at a point not receiving a majority of the ballots cast at such election. They were proceeding to sell the lots and erect the

Smith *vs.* Magourich.

public buildings when the complainants below filed their bill in which they alleged that the commissioners are acting in violation of law in their location of the county site, with the usual averments of injury, and exhibits of the votes cast, by which it appears, as well as by affidavits produced at the hearing, that three hundred and odd voters had cast their ballots for the location of the county site at the centre of the county, and a larger number had voted for other places by different names, but contiguous to each other, and which the commissioners held to cover one and the same location. We need not go through this mass of affidavits in disposing of this question, arising upon the ground of error to the judgment of the Court below, in granting an injunction restraining the commissioners from proceeding from such location of the county site, sale of lots, and erection of public buildings, etc. It is apparent from the record that the site selected by the commissioners was not plainly a point designated by a vote of the largest number of the citizens of said county, and it is only by inference and explanations that they set up their right in the premises. It is true that a number of these affidavits show, in the opinion of the witnesses, these various places, designated by various names, were understood to mean one and the same place. And we have no doubt of the competency of the parties to prove *aliunde* of the votes cast that such places as they voted for were generally known to be the same or contiguous places; and we have no doubt of the entire good faith of the commissioners. But the legal question presented by this record is the error of the Court below in granting an injunction upon a disputed statement of facts; and while we may not concur, perhaps, entirely with his judicial opinion in the premises, we do not think that there was any abuse of the discretion of the Judge below, and affirm his judgment with modifications and directions in the premises.

(See last of head-note. R.)