MITCHELL ET AL. *v.* WILES.

CITY.—*Street Commissioner.*—The common council of a city organized un-
der the general law of this State can not, while her street commissioner
remains in office, direct that his duties be performed by any other officer.

SAME.—*Ordinance.*—An ordinance of a city, which conflicts with the law
under which she is incorporated, is void.

SAME.—*Supervisors.*—*Injunction.*—An ordinance of a city so incorporated,
directing that the duties of the street commissioner in relation to the
construction, repair and cleaning of streets, alleys, etc., shall be per-
formed, independently of him, by a supervisor, who is to be elected un-
der such ordinance by the common council, is in conflict with section 28
of the act authorizing the incorporation of cities, 1 R. S. 1876, p. 279,
and is void, and the expenditure of the money of the city for such ser-
vices, so performed by the order of such supervisor, may be enjoined.

SAME.—The supervisors of streets authorized by section 48 of such act, 1
R. S. 1876, p. 286, can act only under the direction of the street commis-
sioner.

From the Marion Circuit Court.

*B. K. Elliott, A. C. Ayres, N. B. Taylor, F. Rand* and
*E. Taylor,* for appellants.

NIBLACK, J.—On the 18th day of May, A. D. 1874, the
common council of the city of Indianapolis passed an ordi-
nance containing five sections.

The first section made it, among other things, the duty
of the street commissioner, in addition to other duties re-
quired of him, "to see that all contracts made with the
city by contractors for grading, gravelling or paving of
streets, alleys or sidewalks, or for curbing the latter, are
faithfully and promptly executed; that the work, required
to be done by the terms of any such contracts, is done·
with the best of material, and in a workmanlike manner,
according to specifications, and within the time fixed by
contract."

The second section was as follows:

" That the street commissioner is hereby relieved from
the further performance of the duty of supervising the
cleaning and repairing of streets, alleys, sidewalks, sew-
ers, tunnels, culverts, viaducts and bridges, and such duty

shall hereafter be performed by two officers to [be] known and designated as supervisors of streets, to be elected by the common council, and to serve as such for one year. That part of the city lying east of White River and north of Washington street and the National Road shall be known as the north division, and that part of the city south of Washington street and the National Road shall be known as the south division. Within the bounds of each of such divisions the supervisors of streets elected for the same shall have entire charge of all such work, and shall employ all the men and teams necessary to do the work, which shall from time to time be ordered to be done by the common council, within their respective divisions. The compensation of the street commissioner shall be twelve hundred [dollars] a year, and the compensation of each of the supervisors shall be one thousand dollars a year."

We do not notice the other three sections, as they have no bearing on the case before us.

On the 15th day of April, 1875, Thomas Wiles, the appellee, filed his complaint in the court below, duly verified by affidavit, representing, that, on the 8th day of June, 1874, the said common council, in pursuance of the provisions of said ordinance, elected Henry N. Conklin supervisor of the north division of said city, and Stephen Mattler supervisor of the southern division thereof; that thereupon the said Conklin and Mattler duly qualified as such supervisors, and entered upon the duties assigned them by said ordinance within their respective divisions, taking entire charge of the cleaning and repairing of the streets, alleys, sidewalks, sewers, tunnels, culverts, viaducts and bridges of said city of Indianapolis, and proceeding to employ all the men and teams necessary to perform the work thus undertaken by them; that, assuming to act under the provisions of said ordinance, and under the orders of said common council, the said Conklin and Mattler had expended, in various sums, at least fifty

thousand dollars in cleaning and repairing the streets, alleys, sewers, etc., of said city; that James L. Mitchell was, at the time, the mayor, and John R. Clinton was the clerk, and Henry W. Tutewiler was the treasurer, of said city; that the orders upon which the above named sums of money had been expended had been made out and signed by said Clinton as such clerk, and again signed by said Mitchell as such mayor, and then paid by said Tutewiler as such treasurer; that the said ordinance, under which the said Conklin and Mattler were elected supervisors, as above set forth, was an illegal and void ordinance, and did not authorize them to perform the duties which they had assumed to discharge; that he, the said Wiles, had been elected and qualified as street commissioner of said city of Indianapolis, in 1873, and was still the acting and duly qualified street commissioner of said city; that the actings and doings of the said Mitchell, Clinton, Tutewiler, Conklin and Mattler, as above stated, were without the consent, and in derogation of the rights, of him, the said Wiles, as such street commissioner, and were still persisted in by them, in violation of law and to the injury of said city.

Wherefore the said Wiles prayed, that said Mitchell, Clinton, Tutewiler, Conklin and Mattler, the appellants herein, be enjoined from further proceedings under said ordinance, and for all other proper relief.

Upon a preliminary hearing, and a proper bond filed, the judge of the court below, sitting in chambers, granted a temporary restraining order, and from that order the said Mitchell, Clinton, Tutewiler, Conklin and Mattler have appealed to this court.

It is provided by section 8 of the city charter, that " The officers of such city shall consist of a mayor, two councilmen from each ward, a city clerk, assessor, treasurer, civil engineer, street commissioner and marshal, and if the common council deem it expedient for the best interests of the city, a city attorney and city judge.

The city attorney, street commissioner and civil engineer shall be appointed by the common council : *Provided,* That the common council may dispense with the street commissioner, and require the marshal to perform his duties." 1 R. S. 1876, p. 269.

It is also provided by section 28 of the charter, page 279, *supra,* that " It shall be the duty of the street commissioner, under the direction of the common council, to superintend the streets, alleys, market places, landings, the construction, repairing, cleaning and lighting the same, the building of sewers and drains, the purchase of the necessary implements of labor and the employment of laborers, and shall perform all the other duties incident to his office."

It is also further provided by section 48 of the charter, page 286, that the common council shall, in their discretion, appoint " as many supervisors of streets, to act under the direction of the street commissioner, as they may deem necessary," but without otherwise defining the duties of such supervisors.

It is a well-settled rule of law, that the courts can not, either by mandate or injunction, interfere with the proceedings of municipal bodies or corporations in matters which are within the jurisdiction, and which rest within the discretion, of such bodies and corporations. *Brinkmeyer* v. *The City of Evansville,* 29 Ind. 187 ; *The Mayor, etc.,* v. *Roberts,* 34 Ind. 471 ; *The City of Fort Wayne* v. *Cody,* 43 Ind. 197 ; 1 Dillon Munic. Corp., secs. 58, 396.

It has also been decided, that the common council of a city incorporated under the general law for the incorporation of cities, as is the case with the city of Indianapolis, may, by a majority vote, dispense with the street commissioner and require the marshal to perform his duties. *The City of Madison* v. *Kelso,* 32 Ind. 79. It would also seem that the common council may remove the street commissioner at pleasure. *The City of Madison* v. *Korbly,* 32 Ind. 74.

It does not, however, follow, that the duties which the charter imposes on the street commissioner can, by an ordinance of the common council, be transferred to some other officer while the street commissioner is still permitted to remain in office. On the contrary, so long 'as he retains the office, he is required to perform all the duties which the charter attaches to it, and the common council can not relieve him of any of those duties during his continuance in office.

The charter is the fundamental law of the city, and when an ordinance of the common council conflicts with any of its provisions, the ordinance is necessarily inoperative and void. 1 Dillon Munic. Corp., sec. 55.

The second section of the ordinance complained of purported to relieve the street commissioner entirely of certain duties imposed upon him by section 28 of the charter above referred to, and to require the performance of those duties by two supervisors of streets, therein provided for. This section of the ordinance was, therefore, in some of its provisions, in direct conflict with said section 28 of the charter, and, to the extent, at least, to which it was thus in conflict, was invalid and inoperative. Supervisors of streets, authorized by section 48 of the charter, as has been seen, can only " act under the direction of the street commissioner," and not independently of him, as seems to have been contemplated by the section of the ordinance under consideration.

The courts are authorized to restrain the illegal proceedings of municipal bodies and corporations, when the property or money of such bodies or corporations is involved in, or endangered by, such illegal proceedings. 2 Dillon Munic. Corp., secs. 727, 738.

The complaint presented what seems to us to have been a good *prima facie* case for a temporary restraining order, and we see no error in the proceedings below.

The judgment is affirmed, at the costs of the appellants.