The State, *ex rel.* Anderson, *v.* Sohn.

Filed Sept. 17, 1884.

---

No. 11,490.

THE STATE, EX REL. ANDERSON, *v.* SOHN.

97    101
142   103

CITY.—*Street Commissioner.*—*Appointment.*—*Tenure of Office.*—The services of a street commissioner may be dispensed with by the common council of a city, under the act of March 6th, 1877, and when this is done for one year, and said officer is then reappointed, his term of office commences from the time of his reappointment.

SAME.— *Removal of Street Commissioner.*—*Reappointment.*— *Vacancy.*—Where such officer was appointed on the 7th of May, 1879, removed May 12th, 1879, reappointed May 10th, 1880, served till March 15th, 1882, and a successor was appointed May 8th, 1882, such successor was entitled to hold such office for two years from his appointment, and hence a person, whom the common council appointed to such office on May 8th, 1883, is not entitled to the office, because there was no vacancy at the time of his appointment.

From the Floyd Circuit Court.

*J. H. Stotsenberg* and *A. Dowling,* for appellant.

*J. V. Kelso,* for appellee.

BEST, C.—This proceeding is upon an information in the nature of a *quo warranto,* brought to determine the relator's

right to the office of street commissioner of the city of New Albany now held by the appellee.

A demurrer was sustained to the information, and this ruling is assigned as error.

The material facts averred in the information are these, that the city of New Albany is and for more than fifteen years has been an incorporated city; that it is and has been acting under the general law for the incorporation of cities, approved March 14th, 1867, and the various acts amendatory and supplemental thereto, including the eighth section of the act of March 6th, 1877; that in pursuance of the last named act the common council of said city, on the 7th day of May, 1879, duly appointed David W. Miller street commissioner of said city, which appointment said Miller accepted, and he was duly qualified; that on the 12th day of May, 1879, the common council of said city " by resolution dispensed with the services of a street commissioner for one year from the said 12th day of May, 1879; " that on the 10th day of May, 1880, the common council of said city appointed the said David W. Miller street commissioner, and· he continued to act and " perform the duties of the office, without any new appointment or election, until the 15th day of March, 1882, when he died; " that from his death until the 8th of May following the city marshal discharged the duties of street commissioner; that on the day last named the common council of said city appointed the appellee street commissioner, which appointment he accepted, qualified, is in possession of the office and claims to be the legal street commissioner of said city; that on the 7th day of May, 1883, the common council of said city duly appointed the relator, who then was and still is a citizen of said city, street commissioner; that he accepted such appointment, duly qualified, and ever since has been ready and willing to enter upon the discharge of his duties, but that the appellee has intruded himself into said office, retains the same and refuses to surrender it, etc.

The eighth section of the act of March 6th, 1877, pro-

vides that "The officers of such city shall consist of a mayor, two councilmen from each ward, a city clerk, assessor, treasurer, civil engineer, street commissioner and marshal, and, if the common council deem it expedient, a city attorney, and a city judge. The city attorney, the street commissioner, and civil engineer shall be appointed by the common council: *Provided*, That the common council may dispense with the street commissioner, and require the marshal to perform his duties. All such officers shall hold their respective offices for two years, and until their successors are elected and qualified, except as herein provided. * * * The city attorney, street commissioner, and civil engineer, two years each, subject to removal by said common council at their pleasure."

All of the above section applicable to the facts stated in the information is set out. From the portion set out it will be seen that a street commissioner holds his office for two years unless, in the language of the statute, the common council dispense with or remove him. The relator insists that the order of the council dispensing with the services of Miller was not a removal, and consequently he continued to hold the office from his first appointment until his death notwithstanding such order; that the first two years was the term of his office, and the residue of the time was a portion of the succeeding term; that the appellee was appointed during the second term, and consequently was only entitled to hold the residue of such term, which expired on the 10th of May, 1883, when the relator was appointed. The appellee, on the other hand, contends that the resolution of the common council dispensing with Miller's services, terminated his appointment, and that when he was again appointed in May, 1880, his term of office began and continued until his death, on March 15th, 1882; that the appellee's appointment, after the expiration of the vacancy created by the death of Miller, was for a full term, and consequently there was no vacancy at the time of the relator's appointment, and therefore he is

not entitled to the office. The latter view we adopt. The order of the common council dispensing with Miller's services as street commissioner was a removal from office. This power the council possessed, and it was exercised, according to the averments of the information, in substantial conformity to the statute. The council possessed no power to suspend him or release him from the discharge of his duties and still retain him in office. *Mitchell* v. *Wiles*, 59 Ind. 364.

Having no power simply to suspend him, its action in dispensing with his services as street commissioner must be deemed a removal from office. This was the construction the common council and Miller himself placed upon its act by his reappointment and its acceptance, and we think that under the statute this act is not susceptible of any other construction. This being true, Miller's term under his second appointment did not terminate until the appellee's appointment, and consequently there was no vacancy when the relator was appointed. There being no vacancy he was not entitled to the office, and hence the court properly sustained the demurrer to the information. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the relator's costs.

Filed Sept. 18, 1884.