State, *ex rel.* Blair, *v.* Wilson.

No. 17,380.

STATE, EX REL. BLAIR, *v.* WILSON.

MUNICIPAL CORPORATION. — *City.* — *Common Council.* — *Removing City Attorney from Office.* —*Statute Construed.* —A common council of a city had the power, after the first Tuesday in May, 1894, to remove a city attorney from office and appoint his successor, whether he was in office at the time of the passage of R. S. 1894, section 3476, or not, under the provision that city attorneys shall hold office for four years, subject to removal by the council at its pleasure, after the first general election on the first Tuesday in May, notwithstanding the provision extending the terms of city attorneys in office at the time of the passage of the act, until the first Monday of September, 1894.

From the Shelby Circuit Court.

*Adams & Carter*, for appellant.

*Love & Morrison*, for appellee.

MONKS, J.—The relator, Blair, filed an information against appellee in the court below, for the purpose of determining between himself and the appellee, which was entitled to the office of city attorney of Shelbyville. A demurrer was sustained to the complaint and the appellant refusing to amend, judgment was rendered in favor of appellee.

The only error assigned is that the court erred in sustaining the demurrer to the complaint.

As the question to be decided is one of statutory construction, it is necessary only to state such facts as will fully present that question.

The relator, Blair, was elected city attorney by the common council of the city of Shelbyville, on the 19th of May, 1891, and on the next day filed his bond, took the oath of office, and entered upon the discharge of his

duties as such officer.    At the time of his election it was provided by statute, section 3043, R. S. 1881, Acts 1877 p. 12, that the officers of such city should consist of a mayor, two councilmen from each ward, a city clerk, assessor, treasurer, civil engineer, street commissioner and marshal and (if the common council deemed it expedient) a city attorney and a city judge ; that the city attorney should be appointed by the council, and that all such officers should hold their respective offices for two years, and until their successors were elected and qualified, except that the city attorney, street commissioner and civil engineer were subject to removal at any time by the common council at its pleasure.    *City of Madison* v. *Korbly*, 32 Ind. 74 ; *City of Madison* v. *Kelso*, 32 Ind. 79 ; *State, ex rel.,* v. *Sohn*, 97 Ind. 101.

Before the expiration of the two years for which the relator was elected city attorney, the Legislature, by an act which took effect February 21, 1893, amended section 3043, R. S. 1881, *supra*, which amendment reads as follows : "The officers of such city shall consist of a mayor, two councilmen from each ward, a city clerk, treasurer, civil engineer, street commissioner, chief of the fire department, health officer, marshal, and (if the common council deem it expedient) a city attorney and a city judge.    The city attorney, the street commissioner, the civil engineer, the chief of the fire department, and the health officer shall be appointed by the common council : *Provided*, That the common council may dispense with the street commissioner and require the marshal to perform his duties.    All such officers shall hold their respective offices for four (4) years, and until their successors are elected, or appointed, and qualified, those who are appointed by the common council being subject to removal by the council at its pleasure, after the first general election on the first Tuesday in

May. Said officers shall respectively hold their offices as follows : The mayor, city judge, clerk, marshal and treasurer, four years each; and, *Provided*, That the term of the aforesaid officers shall commence on the first Monday in September following the general election in May, and that the terms of office shall be four years from such Monday in September; and, *Provided further*, That the mayor, clerk, treasurer, civil engineer, street commissioner, marshal, city attorney, city judge, chief engineer of the fire department, and health officer now in office, and whose terms expire in May and September, 1893, or at any other time, shall hold their respective offices until the first Monday in the month of September, 1894, and that all and each of such officers as shall so hold shall procure from their sureties a written consent to the aforesaid extension, or give a new bond to the satisfaction of the council, otherwise their term of office shall terminate in May or September of the original term for which they were elected or appointed, or at such time as their terms now expire. And the councilmen shall be elected by the legal voters of their respective wards; and the councilman from each ward whose term will expire in May, 1893, is hereby continued in office, and his term extended until May, 1894, and the councilman of each ward whose term would expire in May, 1894, is hereby continued in office and his term extended until May, 1896 ; and hereafter when two councilmen are chosen at the same time from the same ward it shall be determined by lot at the first regular meeting of the council after their election who shall hold his office for two years and who for four years, and biennially thereafter one councilman shall be elected by the legal voters of each ward. The term of councilmen shall be four years, and they shall be elected biennially. The successors of those whose terms are ex-

State, *ex rel.* Blair, *v.* Wilson.

tended until May, 1894, shall then be elected and their terms continued four years, and the successors of those whose terms are extended until May, 1896, shall then be elected and their terms continued four years; and all of said officers shall hold their respective offices during their respective terms and until their successors are elected and qualified. The said clerk, treasurer and marshal, with the consent of the common council, may appoint one or more deputies when necessary; *Provided further,* That the common council of a city governed by this act may order the election of an auditor who shall be elected as other city officers are elected, and shall hold his office for the term of four years, and until his successor is elected and qualified; and the common council shall have power to prescribe the manner of qualifying for such office, and to prescribe the powers and duties thereof, which shall ·in nowise conflict with the provisions of this Act : and, *Provided further,* That no person shall hold the office of councilman unless at the time of his election he is a resident of the ward from which he was elected; and in case of the removal of any councilman from the ward from which he was elected, the common council shall have the power to declare his office vacant and to elect his successor to fill such vacancy as provided by law. All officers who are not specifically named herein whose terms expire prior to the first Tuesday in May, 1894, at which date the first election under this amendment shall be held, are hereby continued in office until said time, and until their successors are elected and qualified, they to give new bond as the council may direct." Section 3476, R. S. 1894, Acts 1893, p. 50.

On the 2nd day of May, 1893, and while he was still in office, by virtue of such election, the relator filed with the common council the consent of the surety on his

bond to the extension of the term of such office until the first Monday in September, 1894, as required by said act.    On May 8, 1894, the common council of the city, without notice to the relator, by a proper vote, declared the relator removed from office of city attorney, and that said office was vacant, and proceeded to, and did elect appellee to said office.    Afterwards, on the 15th day of May, 1894, appellee took the oath of office and filed his bond with sufficient surety, which was approved by the common council, and took possession of said office, and excluded the relator therefrom.

The only question presented for decision is, did the common council of the city have the power, under section 3476, R. S. 1894, Acts 1893, p. 50, *supra*, to remove the relator from the office of city attorney? Under section 3043, R. S. 1881, which was amended by section 3476, *supra*, the city council had such power, without any offense being charged, but simply at the pleasure of the council.    *City of Madison* v. *Korbly, supra; City of Madison* v. *Kelso, supra; State, ex rel.,* v. *Sohn, supra.*

It is claimed, however, by counsel for appellant, that the act of 1893, *supra*, by expressly extending the term of the city attorney until the first Monday in September, 1894, took away from the common council the power to remove such officer before that time, provided the consent of his surety to such extension was filed as required by said act, that the power of removal given by the amendment of 1893, *supra*, to the common council, applied only to such officers as they might appoint after the amendment took effect.

We cannot concur in this view.    The purpose of the act of 1893, section 3476, *supra*, was to provide that the terms of office for all the city officers should be four years instead of two; to fix the time when such terms should commence and

to extend the terms of the city officers then in office to conform to this change.

That part of the act of 1893, providing that the officers of the city should consist of a mayor, two councilmen from each ward, a city clerk, assessor, treasurer, civil engineer, street commissioner, and marshal, and, if the common council deem it expedient, a city attorney and a city judge, that the city attorney should be appointed by the common council, is a re-enactment of section 3043, R. S. 1881. The section amended provided that the city attorney was removable by the common council at its pleasure, while the section as amended provided that such officer was removable by the common council at its pleasure after the first Tuesday in May, 1894.

The legislative intention is to be ascertained from an examination of the whole as well as the separate parts of the act, and the intention so ascertained will prevail over the literal import of particular terms, and in searching for this meaning the court will look to each and every part of the act, the circumstances under which it was enacted, the old law upon the subject and the evil, if any, to be remedied. *Lime City Building, etc., Assn.* v. *Black,* 136 Ind. 544, 555.

The act in controversy spoke from the time it took effect, and had reference, from that date to all officers then in office, as well as those thereafter to be elected or appointed unless the contrary is clearly and expressly stated.

We think it clear that after the act of 1893 took effect the common council had the same power to abolish or discontinue the office of city attorney if they deemed it expedient to have such office, as they had under the section amended. And if such power was exercised prior to the first Monday in September, 1894, the city

attorney then in office, whether appointed before or after the amendatory act of 1893 took effect, would at once cease to be such officer. It is also clear that after the first Tuesday in May, 1894, the common council had the power to remove at its pleasure any person holding the office of city attorney, no matter when elected, and appoint his successor. Such power is expressly given by the amendatory act of 1893.

By the terms of said act, one councilman for each ward was to be elected on the first Tuesday in May, 1894, and that the act gave the common council, as constituted after such election, the power to remove the city attorney and appoint another, who would execute the line of policy it might adopt. This is clearly the policy of our form of government, for otherwise the common council would not have the power necessary to enforce the execution of its orders. *City of Madison* v. *Korbly, supra.*

The extension of the term of office of the city attorney to the first Monday in September, 1894, was subject to the right of the city council to abolish the office at any time, or remove the incumbent thereof at its pleasure, after the first Tuesday in May, 1894, and elect his successor.

It is only by such a construction that effect can be given to all the parts of said act and at the same time avoid any contradiction of terms.

If the extension of the terms of office of the city officers had the effect to place such officers beyond the power of the common council as claimed, then such officers could not have been removed for cause, upon charges preferred under the provisions of section 3101, R. S. 1881. *City of Madison* v. *Korbly, supra.*

No such construction should be given to the act unless

the language is so plain at to leave no doubt that the Legislature so intended.

We find no error in the record.

Judgment affirmed.

HACKNEY, J., did not participate in this decision.
Filed September 24, 1895.