Filed September 24, 1895.

---

No. 17,451.

GOODWIN, CLERK OF CITY OF TERRE HAUTE, *v.* STATE, EX REL. FOLEY.

| 142 | 117 |
| 142 | 699 |
| 142 | 117 |
| 154 | 485 |
| 154 | 693 |
| 142 | 117 |
| 160 | 581 |
| 160 | 582 |

MUNICIPAL CORPORATION. — *City Attorney.* — *Right of Council to Abolish Such Office.* —*Statute Construed.* —A city attorney in office at the time of the passage of R. S. 1894, section 3476, extending the term of attorneys in office at that time, cannot, by the performance of the condition of extension, prevent the abolition of such office before the expiration of the extended term, by the common council, under the authority implied from the fact that the creation of the office is left to its discretion.

Goodwin, Clerk of City of Terre Haute, *v.* State, *ex rel.* Foley.

SAME. —*City Attorney.* —*Removal of.* —*Statute Construed.* —A common council of a city had the power after the first Tuesday in May, 1894, to remove a city attorney from office, and appoint his successor, whether he was in office at the time of the passage of R. S. 1894, section 3476, or not, under the provision that city attorneys shall hold office for four years, subject to removal by the council at its pleasure, after the first general election on the first Tuesday in May, notwithstanding the provision extending the terms of city attorneys in office at the time of the passage of the act, until the first Monday of September, 1894.

From the Vigo Circuit Court.

*J. E. Piety* and *J. O. Piety*, for appellant.

*T. W. Harper, V. J. Barlow, J. C. Foley* and *P. M. Foley*, for appellee.

MONKS, J.—This was a proceeding brought by the relator, Foley, to compel, by writ of mandamus, appellant to issue a warrant on the city treasurer for salary alleged to be due him as city attorney for the quarter ending June 30, 1894.

An alternative writ was issued, to which appellant filed a return in four paragraphs; a demurrer was sustained to the second, third, and fourth, and the first paragraph being withdrawn, judgment was rendered that a peremptory writ of mandate issue commanding appellant to deliver the warrant as prayed for.

The only errors assigned and not waived, call in question the action of the court in sustaining a demurrer to the second and third paragraphs of the return.

It appears from the complaint and alternative writ that Foley was city attorney of the city of Terre Haute, February 21, 1893, when the act of 1893, extending the terms of office of city officers, took effect (section 3476, R. S. 1894, Acts 1893, p. 50), and that he complied with said act by filing a written consent of the sureties on his bond to such extension.

Goodwin, Clerk of City of Terre Haute, *v.* State, *ex rel.* Foley.

The second and third paragraphs of the return are substantially the same. They allege in substance that on the 8th day of May, 1894, the common council of the city abolished the office of city attorney, for the reason that they deemed it inexpedient for the city to have and employ an attorney, and that the relator was duly notified of such fact, and never performed or rendered any service for said city, as such city attorney, after said date. That part of the act of 1893, section 3476, R. S. 1894, necessary to the decision of this question, is as follows:

"The officers of such city shall consist of a mayor, two councilmen from each ward, a city clerk, treasurer, civil engineer, street commissioner, chief of the fire department, health officer, marshal and (if the common council deem it expedient) a city attorney and a city judge. The city attorney, the street commissioner, the civil engineer, the chief engineer of the fire department and the health officer shall be appointed by the common council; *Provided,* That the common council may dispense with the street commissioner, and require the marshal to perform his duties. All such officers shall hold their respective offices for four (4) years, and until their successors are elected, or appointed, and qualified, those who are appointed by the common council being subject to removal by the council at its pleasure, after the first general election on the first Tuesday in May. Said officers shall respectively hold their offices as follows: The mayor, city judge, clerk, marshal and treasurer, four years each; *and provided,* That the term of office of the aforesaid officers shall commence on the first Monday in September following the general election in May, and that the terms of office shall be four years from such Monday in September; *and provided, further,* That the mayor, clerk, treasurer, civil engineer, street

commissioner, marshal, city attorney, city judge, chief engineer of the fire department and health officer, now in office, and whose terms expire in May and September, 1893, or at any other time, shall hold their respective offices until the first Monday in the month of September, 1894, and that all and each of such officers, as shall so hold, shall procure from their sureties a written consent to the aforesaid extension, or give a new bond to the satisfaction of the council, otherwise their term of office shall terminate in May or September of the original term for which they were elected or appointed, or at such time as their terms now expire."

Since the act, approved June 18, 1852, R. S. 1852, Vol. 1, p. 203, it has been provided by statute that the officers of a city should consist of a mayor, etc., and, if the common council deem it expedient, or, in their opinion, the interest of the city requires, a city attorney. Acts 1857, section 9, p. 44; Acts 1859, section 2, p. 208; Acts 1867, section 8, p. 35; Acts 1877, p. 12; section 3043, R. S. 1881; Acts 1893, p. 50; section 3476, R. S. 1894.

Under these acts the common council had the power to say whether or not a city attorney should be one of the officers of the city. If they deemed it expedient and elected one, they had the power at any subsequent time to abolish or discontinue the office. *State, ex rel.,* v. *Wilson,* 142 Ind. 102; *Ford* v. *Board of State Harbor Com.,* 81 Cal. 19; *City Council of Augusta* v. *Sweeney,* 44 Ga. 463; 9 Am. Rep. 172.

The Legislature, by the act of 1893, section 3476, *supra,* did not create the office of city attorney within the full sense of the term, but authorized the common council to determine whether the city should have such an officer. The power that creates an office may abolish it before the expiration of the term of the officer, and from

the date the office is abolished the officer is discharged. *State, ex rel.,* v. *Hyde,* 129 Ind. 296, 302, and cases cited.

But it is claimed by appellee that by the proviso continuing the city attorney in office until the first Monday in September, 1894, the Legislature placed such officer beyond the power of the common council, provided he filed the consent of his surety to such extension.

We cannot concur in this contention of appellee. No such intent is stated in the section, and no such construction can be given it, unless such intention is expressed clearly and with unmistakable certainty. It is expressly provided that the city attorney and other officers named are subject to removal by the common council after the first general election on the first Tuesday in May, that is after the first Tuesday in May, 1894. The power of the common council to determine whether a city attorney shall be one of the officers of the city, was not limited to any particular time ; the language is : "The officers of such city shall consist of a mayor, etc., * * * and, if the common council deem it expedient, a city attorney." The act took effect in February, 1893, and speaks from that date, and from that time the common council was given the power to determine whether a city attorney should be one of the officers of the city.

When we consider that the purpose of the Legislature was to make the terms of office four years, instead of two, and to fix a uniform time when such terms should commence, and that the terms of the city officers then in office were extended to conform to this change, the question becomes one of easy solution.

In the construction of a statute, every part of it must be considered in connection with the whole. And it must be construed so as to give effect to every word

and clause, as well as the whole act, if possible.    If different portions seem to conflict, the court must harmonize them, if practicable, and lean in favor of a construction which will render every word operative, rather than one which may make some idle and nugatory.    *Barber Asphalt, etc., Co.* v. *Edgerton,* 125 Ind., pp. 460, 461, and cases cited.

Applying the rules of construction, it is evident that the Legislature, by the proviso in question, merely intended to extend the terms of office of the city officers then in office beyond the time for which they were elected or appointed, and not to place them above the power of the common council during such time.    It follows that after the act of 1893 took effect, the common council had the power to abolish or discontinue the office of city attorney; that the common council, at its pleasure, had the power, after the first Tuesday in May, 1894, to remove the city attorney from office (*State, ex rel.,* v. *Wilson, supra* ;) that the action of the common council, whether considered as an abolishment of, or removal from, the office, was valid, and the exercise of power given by the statute in controversy; that even if the common council had no power to abolish the office, the action taken was equivalent to a removal from office, and valid as such an exercise of power.

The court erred in sustaining the demurrer to the second and third paragraphs of return.

Judgment reversed, with instructions to the court below to overrule the demurrer to said paragraphs, and for further proceedings not in conflict with this opinion.

Filed September 25, 1895.