THE STATE, EX REL. FELDMAN, *v.* THE CITY OF SOUTH
BEND.

[No. 18,775.   Filed March 14, 1900.]

From the St. Joseph Circuit Court.   *Affirmed.*

*George Ford,* for appellant.

*O. M. Cunningham, J. F. L. Meyer* and *Wilbert Ward,* for appellee.

HADLEY, C. J.—The common council of the city of South Bend, as organized after the general city election held in May, 1898, on the 27th day of June, 1898, at a regular meeting of the council, appointed, by a majority vote, the relator as city attorney for the term beginning on the first Monday in September following.   On July, 29, 1898, upon the receipt of official notification from the city clerk, the relator accepted said appointment, and took and filed with the clerk the required oath of office as city attorney.   On August 12, 1898, the relator executed his official bond, as required by law, in the penalty and with sufficient freehold surety, as required by city ordinance, and filed the same with the city clerk.   On September 2, 1898, the common council, by resolution, declared the relator removed from the office of city attorney without notice or trial.   From the 12th of August to the date of the pretended removal from office, the common council failed and refused, though often requested, to act upon the approval of relator's said bond.   On the 27th of September, 1898, the relator brought mandamus against the mayor and common council, reciting in his petition the foregoing facts, and praying for a peremptory writ commanding the defendants to act upon and approve his official bond as city attorney.   The defendants' demurrer to the petition was sustained.   The relator refused to amend, and from the judgment denying the writ he prosecutes this appeal.

The only question presented challenges the authority of the common council to remove the relator from office without notice and trial, under the provision of §3536 Burns 1894.   It is contended that by the act of 1877 (Acts 1877, p. 12), as amended by the act of February 21, 1893, §3476 Burns 1894, the power of removal of appointees by a city council, at pleasure, was revoked, and that, under the amended act, when the appointment of an attorney is regularly made and accepted, it is unassailable for the full term of appointment, except for cause under §3536.

The question propounded has been ruled against the relator in *State v. Wilson,* 142 Ind. 102; *Goodwin v. State,* 142 Ind. 117.   Judgment affirmed.