POLISH NATIONAL ALLIANCE OF THE UNITED STATES OF
NORTH AMERICA *v.* HYZY ET AL.

[No. 26,676. Filed November 18, 1936.]

*Menczynski & Tomsich,* for appellant.

*Martin A. Karmelowicz,* for appellees.

HUGHES, C. J.—This is an appeal from an interlocutory order denying a petition for the appointment of a receiver. The petition for the appointment of a receiver was filed January 24, 1936.

It appears from the brief of appellant that on or about February 15, 1935, the appellant filed its complaint to recover a personal judgment against the appellees, and to foreclose a mortgage on certain described real estate belonging to appellees; that on October 30, 1935, the appellant recovered judgment against appellees in the sum of $18,205.25, and a decree of foreclosure; that on January 8, 1936, the real estate was sold by the sheriff of the county to appellant for the sum of $17,416.65.

It is further disclosed by the petition that a consider-

able amount of taxes was due and delinquent against said real estate; that the real estate consisted of one lot in the city of East Chicago upon which was a large dwelling; that part of said dwelling was occupied by the appellees, and other parts were rented to various people from whom the appellees were collecting rents. The petition further alleged .that the appellees were committing waste upon said property, but it is not stated in what manner, and no facts alleged show that waste was committed.

There is no showing in the petition or record when the mortgage was executed. It is alleged that it was recorded November 9, 1935, long after the complaint to foreclose was filed. If the mortgage was executed after June, 1931, then the .sale could not have been legally made before February 15, 1936. The Act of 1931, chapter 90, page 257, relates to proceedings to foreclose real estate mortgages. Section 1 of said Act provides:

> "That in any proceeding for the foreclosure of · any mortgage hereafter executed on real estate, no process shall issue for the execution of any such judgment or decree of sale for a period of one year after the filing of a complaint in any such proceeding. . . ."

In the instant case the complaint was filed on February 15, 1935, and the real estate was sold by the sheriff on January 8, 1936, in direct violation of the statute. We do not know, and it cannot be ascertained from the petition or record when the mortgage was executed. There was no evidence before the lower court when the mortgage was executed. The burden and duty was upon the petitioner to show this fact.

Section 7 of said Act provides that, under certain conditions prior to the sale of the real estate, a receiver may be appointed to collect rents, issues, income, and profits thereof.

Section 6 of said Act provides that after sale the

sheriff shall execute and deliver to the purchaser a deed which shall be effectual to convey all the right, title, and interest in said land to the purchaser. It is then his, and there is no occasion for the appointment of a receiver. There is no redemption after the sale. The petition for the appointment of a receiver was filed January 24, 1936, long after the sale. It asks for the appointment of a receiver to take charge of, manage, and collect the rents of the real estate during the year of redemption. From the facts alleged, we cannot say that there is a year of redemption; and, if there is not, it is clear that under the Act of 1931, *supra,* a receiver cannot be appointed.

Before a court of equity should reach out its strong arm and appoint a receiver for property, facts must be alleged showing sufficient grounds and necessity therefor. This was not done, and the lower court committed no error in refusing to appoint one.

Judgment affirmed.