# DOWNEY ET AL. *v.* STATE, EX REL. HASTINGS.

## [No. 19,900. Filed May 20, 1903.]

MUNICIPAL CORPORATIONS.—*Officers.*—*Removal of City Attorney.*—*Discontinuance of Office.*—The act of 1893 (Acts 1893, p. 50) provided that certain officers, including city attorneys appointed by the common council of cities of a certain class, should be subject to removal by said council at its pleasure. The act of 1899 (Acts 1899, p. 562) provided that city attorneys in cities of such class should not be removed from office for the term for which they

were elected, except for cause, and contained a section repealing all laws and parts of laws in conflict therewith. *Held*, that while the latter act repealed so much of the former act as authorized the removal of city attorneys, it did not take away the power of common councils to abolish or discontinue the office of city attorney. *pp. 581, 582.*

MUNICIPAL CORPORATIONS. — *Removal of City Attorney.* —*Motives of Council.*—The action of the common council in abolishing the office of city attorney is the exercise of a legislative power, and the courts can not inquire into the motives of the council in the exercise of such power. *pp. 582, 583.*

SAME.—*Removal of City Attorney.*—Where the common council of a city abolished the office of city attorney, the incumbent was no longer an officer, and when the council again created the office he did not become city attorney by virtue of the unexpired term of office for which he was elected. *p. 583.*

From Daviess Circuit Court; *H. Q. Houghton*, Judge.

Action by the State on the relation of Elmer E. Hastings against John Downey and others. From a judgment in favor of relator, defendants appeal. *Reversed.*

*O'Neall & O'Neall*, for appellants.

*E. C. Faith, U. G. Faith, E. E. Hastings, M. S. Hastings, J. G. Allen* and *J. C. Billheimer*, for appellee.

MONKS, J.—Appellee brought this action against appellants. The court made a special finding of the facts, stated conclusions of law thereon in favor of appellee, and rendered judgment against appellants.

The assignment of error calls in question the correctness of the conclusions of law.

It appears from the special finding that Hastings, the relator, was elected to the office of city attorney of the city of Washington, Daviess county, Indiana, by the common council of said city, on the 12th day of September, 1898. The record of the council did not show for what length of time he was elected, but on the same day he qualified and gave bond to the approval of the common council. Said bond recited that he was elected for the term of four years. The relator entered upon the discharge of the duties of said office, and continued to discharge the same until July 30,

1900.   He drew his salary at the end of each quarter, the last quarter ending June 30, 1900.   On May 28, 1900, the common council of said city passed an ordinance fixing the salaries of the various officers of said city, whereby the salary of the city attorney of said city was fixed at the sum of $600 per year.   On July 30, 1900, the common council of said city, at a regular meeting, passed a resolution abolishing said office of city attorney, and also allowed him his salary for said month of July which was paid to said relator.   Said relator was present at said meeting and had actual knowledge of the passage of said resolution.   After the passage of said resolution, relator was not recognized as city attorney, and he rendered no services as such.   On December 10, 1900, the common council of said city passed a resolution creating the office of city attorney for said city, reciting in said resolution the necessity for such an officer. At this meeting said common council filled said office by appointment, and fixed the salary for said officer at $600 per year.   The court also states in the special finding "That the action of the common council in adopting said resolution abolishing the office of city attorney on July 30, 1900, was not done in good faith, but said resolution was adopted by said common council for the purpose of removing and ousting the relator from said office, without cause, before the expiration of the term thereof, and evading the law prohibiting such removal without cause; that no charges have ever been filed or preferred against said relator as city attorney of said city, nor has he been removed from said office for cause."

The court found, as a conclusion of law, that the relator was elected to the office of city attorney, to hold the same for the term of four years from the 12th day of September, 1898, and that he was at the time of the trial of said cause on April 3, 1902, the city attorney of said city, by virtue of his said election on September 12, 1898.

The question to be determined is whether or not said city of Washington had the power on July 30, 1898, to abolish the office of city attorney.    Section 8 of the act of March 6, 1877 (Acts 1877, p. 12), as amended by the act of February 21, 1893 (Acts 1893, p. 50, §3476 Burns 1894), provided that the officers of such city shall consist of certain officers, and among them a city attorney, if the council deem it expedient, and fixed the term of his office at four years, and provided that such officers appointed by the common council should be subject to removal by said council at its pleasure, after the first general election on the first Tuesday in May.    This law was in force at the time the appellee's relator was elected city attorney for the city of Washington.

It was held by this court in *Goodwin* v. *State, ex rel.,* 142 Ind. 117, that under said section the common council had the power to say whether or not a city attorney should be one of the officers of the city, and, if said council deemed it expedient and elected a city attorney, such council had the power at any time thereafter to abolish or discontinue the office.    The court, at page 120, said: "The legislature, by the act of 1893, §3476 Burns 1894, did not create the office of city attorney within the full sense of the term, but authorized the common council to determine whether the city should have such an officer.    The power that creates an office may abolish it before the expiration of the term of the officer, and from the date the office is abolished the officer is discharged.    *State, ex rel.,* v. *Hyde,* 129 Ind. 296, 302, and cases cited."

On March 6, 1899, the legislature passed an act (Acts 1899, p. 562) which took effect the same day, and which provided that city attorneys in cities of the class to which said city of Washington belongs "shall not be removed from office for the term for which they are, or were, elected, except for cause."    Said act contained a section which provided that "All laws and parts of laws in conflict with the

provisions of this act are repealed *pro tanto.*" While said acts of 1899, *supra,* repealed so much of the act of 1893 (Acts 1893, pp. 50-52, §3476 Burns 1894) as authorized the removal of city attorneys by the common council of cities of the class named in said act of 1899, it did not, in terms or by implication, take away the power of the common council of such cities to abolish or discontinue the office of city attorney, as held in *Goodwin* v. *State, ex rel., supra.* The fact that the common council of cities of the class named in the act of 1899, might, if they had the power, abolish the office of city attorney, and thus discharge an officer from his said office before the expiration of his term, is no reason why this court should read into said act words it does not contain. We can not indulge the presumption that any common council would abolish such office merely for the purpose of removing such officer.

It is urged by the relator that as the trial court found that the "common council did not abolish said office in good faith, but for the purpose of removing and ousting him from said office before the expiration of the term thereof, and evading the law prohibiting such removal," that the adoption of said resolution abolishing said office was void and of no effect, and that said office was not thereby abolished. It is a sufficient answer to said contention to say that the act of said common council in abolishing said office was the exercise of legislative power, and it is the settled rule in this State that the courts will not institute any inquiry into the motives of the legislative department of municipal corporations in the exercise of such power.

It was said by this court in *Lilly* v. *City of Indianapolis,* 149 Ind. 648, 665: "The ordinance, in plain terms, speaks for itself, and may be said to be solely a legislative act of the common council; therefore a judicial search for the motives which actuated that body in its enactment can not be instituted, and the contention of counsel for appellee that these statements made by appellants to the finance commit-

tee were what moved the council to pass the ordinance are not in any manner available in support of the alleged cause of action. The rule is well affirmed that courts will not institute an inquiry into the motives of the legislative department in the enactment of laws. *Wright* v. *Defrees,* 8 Ind. 298; *McCulloch* v. *State,* 11 Ind. 424; *Judah* v. *Trustees, etc.,* 16 Ind. 56. This rule is as applicable to legislative acts of municipal corporations as it is to those of the State's legislature. 1 Dillon, Mun. Corp., §311; Beach, Pub. Corp., §516." The finding of the court as to the motives of the common council in abolishing said office must, therefore, be disregarded.

After said office was abolished on July 30, 1900, there was no such office as city attorney of said city of Washington, and thereafter the relator was not an officer of said city, because if there was no such office as city attorney of said city there could be no such officer. When the common council again created said office on December 10, 1900, the relator did not again become city attorney, by virtue of his election on September 12, 1898, for four years. The office then created could only be filled by an appointment made thereafter by said common council.

Judgment reversed, with instructions to restate the conclusions of law in accordance with this opinion, and to render judgment thereon in favor of appellants.