BOARD OF COMMISSIONERS OF THE COUNTY OF PERRY *v.* LINDEMAN.

[No. 20,462.    Filed April 5, 1905.    Rehearing denied June 22, 1905.]

1. CONSTITUTIONAL LAW.—*Statutes.—Title.—How Construed.—* The title of the act of 1903 (Acts 1903, p. 140), providing that certain officers shall be paid, beginning with January 1, 1900, their "salaries now provided by law," must be construed in the light of the laws existing, which relate to such salaries, the word "salaries" relating to the annual amount fixed to be paid, and not to the contingency of its payment.    p. 188.

2. SAME.—*Statutes.—Title.—Subject-Matter.—*The title of the act of 1903 (Acts 1903, p. 140), providing for the payment of salaries to certain officers from and after January 1, 1900, properly expresses the subject-matter of such statute, as provided by article 4, §19, of the Constitution of Indiana.    p. 189.

3. SAME.—*Statutes.—Amendments.—What Are.—*The act of 1903 (Acts 1903, p. 140), providing for the payment of salaries to certain officers from and after January 1, 1900, is not an "amendment" of any statute within the meaning of article 4, §21, of the Indiana Constitution, although it refers to existing laws and to some extent modifies the same by implication.    p. 190.

4. SAME.—*Statutes.—Local or Special.—*Where a fee and salary law is not local or special within the inhibition of the Constitution, a subsequent act, which in effect modifies certain contingencies in the payment of certain officers, can not be held invalid.    p. 190.

5. SAME.—*Statutes. — Officers. — Compensation. —* The question whether a fee and salary law is "in proportion to the population and necessary services required," as provided by article 4, §22, of the Indiana Constitution, is usually for the legislature, and its decision will not be set aside except for a gross departure therefrom or a manifest abandonment or defiance thereof.    p. 190.

. . . .

6. CONSTITUTIONAL LAW.—*Statutes.—Equal Privileges.*—The act of 1903 (Acts 1903, p. 140), providing for the payment of salaries to clerks and sheriffs from and after January 1, 1900, does not grant unequal privileges as inhibited by article 1, §23, of the Indiana Constitution.  p. 191.

7. OFFICERS.—*Public.—Salaries.—Powers of Legislature.*—Unless restrained by the Constitution, the legislature may increase or diminish the compensation of a public officer, but after the salary is earned, it can not be taken away.  p. 191.

8. CONSTITUTIONAL LAW.—*Statutes.—Impairing Obligation of Contracts.*—The act of 1903 (Acts 1903, p. 140), providing for the payment of salaries to clerks and sheriffs from and after January 1, 1900, does not conflict with article 1, §10, of the federal Constitution, providing that no act shall be passed impairing the obligation of any contract.  p. 191.

9. SAME.—*Statutes.—Public Funds for Private Purposes.*—The act of 1903 (Acts 1903, p. 140), providing for the payment of the salaries of clerks and sheriffs from and after January 1, 1900, is not open to the constitutional inhibition of using public funds for private purposes.  p. 192.

From Perry Circuit Court; *C. W. Cook,* Judge.

Action by George J. Lindeman against the Board of Commissioners of the County of Perry. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Philip Zoercher, Oscar C. Minor* and *John T. Patrick,* for appellant.

*John W. Ewing* and *Sol. H. Esarey,* for appellee.

MONKS, J.—Appellee was elected clerk of the Perry Circuit Court, and entered upon the discharge of his duties as such clerk, March 11, 1900, and served as such until March 11, 1904. The fees taxed during that period, and which were collectible, were not sufficient to pay his annual salary of $2,000, as fixed by section eighty-three of the act of 1895 (Acts 1895, p. 319, §6488 Burns 1901), and this action was brought under the provision of section one of the act of 1903 (Acts 1903, p. 140, §6532a Burns 1905), to recover the amount of said annual salary remaining unpaid from March 11, 1900, to January 1, 1903. A demurrer to the complaint for want of facts was overruled, and judgment rendered in favor of appellee.

The ruling of the court on the demurrer to the complaint is the only error assigned.

Under section one of said act of 1903 the officers named therein—clerks and sheriffs—who had not collected and paid into the county treasury fees equaling in amount their respective salaries are entitled to recover the same in full from the county, not, however, extending back further than to January 1, 1900, provided they show in the manner required in said section that the fees earned by them and not collected are not collectible, and that all fees collected by them have been paid into the county treasury.

Appellant argues in its brief that said act of 1903, violates (1) article 4, §19, of the Constitution of this State: "Every act shall embrace but one subject, * * * which subject shall be expressed in the title;" (2) article 4, §21, of the Constitution: "No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length;" (3) article 4, §22, of the Constitution: "The General Assembly shall not pass local or special laws;" (4) article 1, §23, of the Constitution: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens;" (5) article 1, §10, of the Constitution of the United States: "No state shall * * * pass any * * * law impairing the obligation of a contract." If said act, or section one of said act, is unconstitutional, the judgment must be reversed, if not, the judgment must be affirmed.

The title of the act is to be read and construed in the light of the law on the same subject existing at the time it was passed in 1903. At that time the salaries of

1.    clerks and sheriffs for the different counties in this State were fixed by §§22-113 of the act of 1895 (Acts 1895, p. 319, §§6427-6518 Burns 1901). Although these salaries were fixed by said sections, it was provided in §126

of said act as amended in 1897 (Acts 1897, p. 31, §6532 Burns 1901), that they were only to be paid such part thereof as equaled the amount of fees earned by them, respectively, and paid into the county treasury during their term of office. Section 127 of said act of 1895 (§6533 Burns 1901) provided that if there is any balance of salary due and unpaid to any such officer at the close of his official term of office, and there were not sufficient fees collected by such officer in the county treasury to pay such balance, it shall be paid out of any fees earned by him during his term of office if collected thereafter.

All fees earned by the clerks and sheriffs belonged to and were the property of the counties, unless otherwise provided in said act of 1895. Under these statutes the salary of a clerk was fixed at a sum certain, although the full payment thereof depended upon the condition that sufficient fees earned by him were collected to pay the same.

The subject of the act of 1903, as expressed in the title, when read in the light of the law as above stated, is clear. It was to change the conditions upon which the salaries of the officers mentioned therein were payable for a period in the past commencing January 1, 1900, and as to all clerks and sheriffs after the taking effect of said act. The title of said act clearly shows that the words "salaries now provided by law," used therein, refer to the annual salaries of clerks and sheriffs fixed by §§22-113, Acts 1895, p. 319, §§6427-6518 Burns 1901, and not to the conditions upon which the same were to be paid contained in the proviso to §126 of the act of 1895, *supra,* as amended by the act of 1897, *supra.*

It is evident that said act does not violate the provision of the state Constitution which requires that "Every
2. act shall embrace but one subject, * * * which subject shall be expressed in the title." Constitution, Art. 4, §19.

The act in controversy does not profess to be an amendment of any statute. It is true that it refers to existing laws and to some extent modifies the same by implication, but it is not an amendment within the meaning of article 4, §21, of the Constitution, and is not in violation thereof. *State* v. *Gerhardt* (1896), 145 Ind. 439, 452-458, 33 L. R. A. 313, and cases cited; *Branham* v. *Lange* (1861), 16 Ind. 497; *Barton* v. *McWhinney* (1882), 85 Ind. 481; Cooley, Const. Lim. (7th ed.), 216; 1 Lewis's Sutherland, Stat. Constr. (2d ed.), §239.

Article 4, §22, of the Constitution provides: "The General Assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * In relation to fees or salaries; except that the laws may be so made as to grade the compensation of officers in proportion to the population and the necessary services required."

The fee and salary act of 1895 (Acts 1895, pp. 319-358) was held not to violate said provision of the Constitution. *Harmon* v. *Board, etc.* (1899), 153 Ind. 68, and cases cited. If the provisions of the act of 1903 in regard to the payment of salaries had been embraced in said fee and salary law of 1895, it is clear under the authority cited that it would not have rendered said act of 1895 obnoxious to the constitutional provision last quoted.

What compensation is "in proportion to the population and necessary services required" is to be ascertained and determined by the legislature, and can only be set aside by the judicial department of the State when there is a gross departure and manifest abandonment and defiance of the constitutional requirements. *Harmon* v. *Board, etc., supra; Green* v. *County of Fresno* (1892), 95 Cal. 329, 332, 30 Pac. 544; *Logan* v. *County of Solano* (1884), 65 Cal. 122, 125, 3 Pac. 463.

All clerks and sheriffs who were in office during all or any part of the time from January 1, 1900, to March 3, 1903, the date of the taking effect of said act of 6. 1903, and whose salaries had not been paid in full on account of sufficient fees not having been collected and paid into the county treasury for that purpose, come within the provisions of section one of said act, and on complying with its provisions are entitled to receive their respective salaries in full for all or such part of the period from January 1, 1900, to March 3, 1903, as they may have served as such officers. It is evident, therefore, that the same is not obnoxious to article 1, §23, of the Constitution, which provides: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens," even if said section is applicable here. *Boomershine* v. *Uline* (1902), 159 Ind. 500, 503, 504.

It is settled that the legislature, if not restrained by some provision of the Constitution, has the power to increase or diminish the compensation of public officers during 7. the term for which they were elected; but when the salary is earned the right thereto becomes vested, and can not be taken away. *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446, 456, and cases cited; 2 Lewis's Sutherland, Stat. Constr. (2d ed.), 1194, 1195; 15 Am. and Eng. Ency. Law (2d ed.), 1037; 8 Cyc. Law and Proc., 959; *Fisk* v. *Jefferson Police Jury* (1885), 116 U. S. 131, 6 Sup. Ct. 329, 29 L. Ed. 587. But it does not follow, as contended by appellant, that for this reason said act of 1903 impairs the obligation of a contract, and therefore is in violation of article 1, §10, of the Constitution of the United States. Said act did not attempt to take away a salary already earned, nor to diminish or increase the same, but merely changed the conditions for its payment in full.

It is true that the legislature has no power to require that the public funds be used for private purposes, or to make

a gift thereof for such purposes *(McClelland* v.
9.   *State, ex rel.* [1894], 138 Ind. 321, and cases cited;
Cooley, Const. Lim. [7th ed.], 696-705), but it can
not be said that the legislature, by providing for the pay-
ment of the salaries of clerks and sheriffs in full, extending
back in no case further than January 1, 1900, on the condi-
tions mentioned in section one of said act, was making a
gift to the persons who held said offices during said term,
or any part thereof, or requiring the payment of public
funds for private purposes.

The "fees" earned by the officers are the property of the
county, not of the officers; and the provision in §6532 Burns
1901, Acts 1897, p. 31, making the payment of salary
in full depend upon the collection of fees equaling the
amount thereof was intended to stimulate the officers and
make them more diligent in the collection of the same.   Be-
fore said act of 1903, the salary was paid quarterly to the
extent and as fast as the fees earned by the officer were col-
lected and paid into the county treasury.   If fees earned
by an officer and collected during his term of office did not
equal his salary for such term when the same expired, he
was entitled to receive the part of the salary remaining un-
paid out of any such fees thereafter collected.   §6532,
*supra;* §6533 Burns 1901, Acts 1895, p. 319, §127.   Under
these sections the officer was entitled to receive his salary
in full if fees earned by him and collected and paid into the
county treasury equaled the same, regardless of the fact
that a large amount of collectible fees earned by him re-
mained uncollected.

Section one of said act of 1903, as we have already stated,
provided for the payment in full of the salaries already
earned by officers from the taking effect of said act back not
further than January 1, 1900, upon condition that the un-
collected fees were uncollectible, and that the officer paid
into the county treasury all collected fees; and under sec-
tion two of the act of 1903, which applies to the clerk and

sheriff "in each and every county in the State," the officer is not entitled to receive his salary in full if he has collected and paid into the county treasury fees earned by him to an amount equaling his salary, but he must show to the satisfaction of the board of commissioners that he has collected all collectible fees earned by him. If any collectible fees earned by him remain uncollected at the end of any quarter, he receives only the salary for such quarter, less the amount of such uncollected collectible fees, and can not receive the same in full until said collectible fees are collected, or are found by the board of commissioners at a subsequent quarterly report to be uncollectible.

It is clear that the provisions of section two of the act of 1903, for inducing the officers to collect the fees belonging to the county, are much more severe than those of §§6532, 6533, *supra.* Before the act of 1903, the clerks and sheriffs coming within section one of the act of 1903, not having received the annual salaries in full, were entitled to receive the same as fast as fees earned by them were collected. §§6532, 6533, *supra.* The salary accounts between said officers and the county were, therefore, not adjusted or finally settled. Section one of the act of 1903 did not increase salaries, but provided for a final settlement and payment of the salaries in full in all such cases, on the conditions mentioned therein, instead of under §§6532, 6533, *supra.* We know of no provision of the Constitution, state or federal, violated by section one of the act of 1903, and none except those above mentioned have been pointed out by appellant.

If the act of 1903 had increased the salaries fixed by said act of 1895 for any period before the taking effect of said act of 1903, instead of merely changing the requirements for the payment thereof, a different question would be presented, but we have no such question here.

If the act of 1903 is unconstitutional on account of any or all the objections urged by appellant, the act of 1897

SUPREME COURT OF INDIANA,

Hargis v. Board, etc.—165 Ind. 194.

(Acts 1897, pp. 67-69), providing for the payment in full of the salaries already earned by auditors and treasurers, which appellant concedes is valid, would be unconstitutional for the same reasons.

Finding no error in the record, the judgment is affirmed.