STATE EX REL. WADSWORTH *v.* WRIGHT.

[No. 26,666. Filed January 13, 1937.]

*Kops & Noelker* and *Chester Davis,* for appellant.

*Virgil McCarty, Bielby & Bielby, Creigmile & Creigmile, Charles S. Royce, Jackson & Jackson, Vernon M. Vayhinger, William M. Turner, Curtis Thompson, A. B. Wycoff, Robert A. Peak, Bohland & Bohland, Turner & Woodfill* and *Huntington & Schroeder,* for appellee.

FANSLER, J.—Appellant brought this action in *quo warranto* to determine the title to the office of prosecuting attorney. There was judgment for appellee.

The errors assigned question the constitutionality of chapter 137 of the Acts of 1935 (Acts 1935, p. 484) defining the sixth and creating the eightieth judicial circuits of the State of Indiana.

Prior to the enactment of the law, the counties of Scott, Jennings, and Ripley constituted the sixth judicial circuit. The act in question defines the sixth judicial circuit as being made up of Scott and Jennings counties, and Ripley county is designated as the eightieth judicial circuit. It is contended that "the title of the act creating the 80th Judicial Circuit does not embrace the provisions of the body of the act and therefore the act is null and void and unconstitutional." The title of the act begins, "An Act defining the sixth and creating the eightieth judicial circuit, of the State of Indiana. . . ." If the title had gone no fur-

ther, it was broad enough to cover everything incidental to the creation of the eightieth circuit. Appellant complains that the title does not mention return of process, the time of taking effect of the act, and other incidental matters. It is not necessary. Such matters are incidental to and properly connected with the creation of the new eightieth circuit.

It is contended that the act is unconstitutional because in creating the new eightieth circuit it provides for the appointment of a judge and prosecuting attorney by the Governor to serve until the next regular election; that judges must be elected by the people; that, although the Governor may appoint to fill vacancies, the creation of a new circuit does not create a vacancy. This question must be considered as settled contrary to appellant's contention, since the well-considered case of *Stocking* v. *State* (1855), 7 Ind. 326, which has been cited with approval by this court many times and treated as the settled law.

The relator was elected prosecuting attorney of the old sixth circuit. He resides in Jennings County, and, under the terms of the new act, he continues as prosecuting attorney of the sixth circuit, but the Ripley Circuit Court, which constitutes the new eightieth circuit, is taken out of his circuit. The salary of the prosecuting attorney is fixed by counties, so that, by the change, his salary is reduced. It is contended that this is an "abridgement" of his office, which is a constitutional one; that the legislature may not "abridge" a constitutional office, or the rights of one who is elected thereto; nor can it deprive such an officer of the emoluments of his office, or any part of them; that he has a vested right in the salary, which is protected by the federal Constitution.

That the federal Constitution does not protect one in his rights to the emoluments of a public office is too

well settled to require discussion. Ordinarily ██ offices continue at the will of the legislature. If the legislature has not power to "abridge" the office or decrease the salary for the term for which the officer is elected, it is only because such action is prohibited by the state Constitution. The act in question "abridges" the jurisdiction of the judge and of the prosecuting attorney of the old sixth judicial circuit by taking away one of the counties that made up the circuit. It has been repeatedly held that this can be done. Section 9 of article 7 of the Constitution of Indiana expressly provides for it.

It is well settled that judges and prosecuting attorneys may serve the constitutional term for which they are elected, and that the legislature cannot, by ██ abolishing or changing a circuit, remove or legislate such officers from office prior to the expiration of their terms. But in this case there was no attempt to remove the judge or prosecuting attorney or to curtail their terms. It is expressly provided that the judge and prosecuting attorney, who had been elected and qualified for the sixth judicial circuit, should continue as the judge and prosecuting attorney of that circuit as redefined. The question presented therefore is whether, by redistricting the circuits and removing a county from the circuit, thus curtailing the salary of the prosecuting attorney to the extent of the amount paid by the county which is removed, the legislature has attempted to do something which is forbidden by the Constitution. It will be noted that formerly the prosecuting attorney received a small salary from the state, the remainder of his compensation being made up of fees, so that, when districts were divided, the prosecuting attorney remaining in that district containing the county in which he lived was relieved of the duties of prosecuting cases in the counties removed from his

district, and deprived of that part of the emoluments of his office made up of fees from prosecutions conducted in the removed counties.

It is contended by appellant that the legislature may not decrease the salary of a constitutional officer during the term for which he is elected. Section 13 of article 7 of the Constitution of Indiana provides that the compensation of judges of the Supreme and Circuit courts shall not be diminished during their continuance in office. There is no provision in the Constitution which expressly restrains the power of the legislature to diminish the compensation of any other officer. In the case of *Gilbert* v. *Board of Com'rs, etc.* (1846), 8 Blackf. 81, 82, the court said: "When the plaintiff accepted the office of county auditor, he took it subject to whatever regulations the legislature might afterwards make respecting it. The compensation, and the duties to be performed, might be increased or lessened as the public good, in the opinion of the legislature, should require. The Constitution provides that the compensation of certain officers shall not be diminished during their continuance in office. This provision is of itself sufficient to show that the compensation of all other officers is entirely at the will of the legislature." A county auditor is a constitutional officer. Article 6, §2, Constitution of Indiana. In *Turpen* v. *Board of Com'rs of Tipton County* (1855), 7 Ind. 172, 173, a case involving the compensation of a county recorder, a constitutional officer, the court said: "But it is clearly competent for the legislature to require more official labor for the same compensation, or reduce the compensation for the same labor." In the case of *Sudbury* v. *Board of Com'rs of Monroe County* (1901), 157 Ind. 446, 456, 62 N. E. 45, 48, 49, which involved the compensation of a county treasurer, a constitutional officer, the court said: "For fifty-five years it has been held in this State

that a county officer accepts his office subject to whatever regulations the legislature may afterwards make respecting it. New duties may be imposed upon an incumbent without additional compensation, and his compensation as fixed by law when elected may be either increased or decreased." And again in *Board of Com'rs of Perry County* v. *Lindeman* (1905), 165 Ind. 186, 191, 73 N. E. 912, 914, a case involving the compensation of a clerk of a circuit court, a constitutional officer, this court said: "It is settled that the legislature, if not restrained by some provision of the Constitution, has the power to increase or diminish the compensation of public officers during the term for which they were elected."

It is true that, since the legislature may not abolish a constitutional office directly, it may not accomplish the same result by indirection. It may not, by reducing the salary or the jurisdiction of a constitutional office or officer to a point where it is negligible, in effect abolish the office and remove the officer, and this is the effect of the decision in *People ex rel. Burby* v. *Howland et al.* (1898), 155 N. Y. 270, 49 N. E. 775, 41 L. R. A. 838, the only case upon the subject cited by appellant. But here is no such situation. The case cited recognizes the right of the legislature to increase or diminish the jurisdiction of constitutional officers, just as this court has recognized the constitutional right to curtail the jurisdiction of circuit judges by a division of circuits.

The salary of the prosecuting attorney is reduced to the extent that his duties and geographical jurisdiction is reduced. He retains the salary which the law provides shall be paid to him from Jennings and Scott counties; he relinquishes the salary from Ripley county, together with the duties of acting as prosecuting attorney in that county. The Constitution does not forbid this reduction in salary and duties.

No other constitutional objection to the legislation is suggested.

Judgment affirmed.