HOME OWNERS' LOAN CORPORATION *v.* WISE ET AL.

[No. 27,144. Filed March 13, 1939. Rehearing denied April 10, 1939.]

*Townsend, Thomas & Novitsky,* and *Walter W. Houppert,* for appellant.

*Howard Benninghoff,* for appellees.

TREMAIN, C. J.—On the 23rd day of March, 1934, the appellees executed to the appellant a promissory note secured by real estate mortgage, duly recorded. The note being past due and unpaid, appellant filed an action upon the note and to foreclose the mortgage March 12, 1937. Issues were formed, and upon request the court made special findings of fact and stated its conclusions of law thereon. Judgment was rendered July 22, 1938.

The findings of the court and the first six conclusions of law were favorable to the appellant, but conclusions Nos. 7 and 8 were unfavorable in that the court ordered the real estate described in the mortgage sold in accordance with section 1, chapter 88, Acts 1881 (Spec. Sess.), p. 593, section 2-3909 Burns' Ind. St. 1933 (§622 Baldwin's 1934) ; that chapter 90, Acts 1931, p. 257, sections 3-1801 to 3-1809, inclusive, Burns' Ind. St. 1933 (§§1003 to 1011 Baldwin's 1934), is unconstitutional; that the defendants have a right to redeem the property within one year from the date of sale as provided in the act of 1881; and that no deed should issue to the purchaser until one year from the date of sale. The appellant excepted to these conclusions and properly assigned the same for review in this court.

Chapter 90, Acts 1931, sections 3-1801 to 3-1809, inclusive, Burns' Ind. St. 1933 (§§1003 to 1011 Baldwin's, *supra*) became effective on June 30, 1931, which is the date of the Governor's proclamation declaring

all the laws of that session, not containing an emergency clause, to be in full force and effect. Section 1 of that act provides:

"In any proceeding for the foreclosure of any mortgage hereafter executed on real estate, no process shall issue for the execution of any such judgment or decree of sale for a period of one (1) year after the filing of a complaint in any such proceeding."

That section also provides for publication of notice of the sale. Section 3 of the statute provides that the owner of the real estate may redeem the same from the judgment by payment to the clerk, at any time prior to the issuance to the sheriff of the order of sale, of the amount of the judgment, interest, and costs. Section 4 provides that at the sheriff's sale it shall not be necessary to first offer the rents and proceeds, unless the court in the judgment so ordered. Section 6 provides that immediately upon such sale the sheriff shall execute and deliver to the purchaser a deed of conveyance of the premises, which shall be valid and effectual to convey all of the right, title, and interest held by any of the parties defendant, and of all persons claiming under them. Section 8 provides that there shall be no redemption from foreclosures of mortgages hereafter executed on real estate except as provided by the terms of the act. Section 9 provides that the laws then in force shall apply to foreclosures of mortgages executed prior to the taking effect of the 1931 act. Section 10 provides that:

"All laws and parts of laws in conflict herewith are herewith repealed."

The appellees conceded all the facts as to the date of the note and mortgage, filing of the complaint, and sale, but they contend that, notwithstanding the 1931 act, the court had authority to follow the provisions of said 1881 act in the foreclosure of this mortgage. It is

their contention that the 1931 act did not provide the only method for foreclosing mortgages executed after its effective date; that the 1931 act is not repugnant to or inconsistent with the 1881 act as applied to the fore-closure of this mortgage; that the 1931 act does not fully cover the same subject embraced in the general foreclosure law of 1881, and because the 1931 act does not revise the whole subject-matter of the act of 1881, it "does not repeal in any way the Act of 1881."

Appellees further contend that chapter 90, Acts 1931, is unconstitutional, being in violation of section 21, Article 4, of the Constitution of the state of Indiana, which provides "no act shall ever be revised or amended by mere reference to its title," and is in violation of section 19, Article 4, of the Constitution by reason of the fact that the subjects embraced therein are not expressed in the title of the act.

The question of the construction of the 1931 act in reference to the situation here presented has not been before this court. Matters pertaining to the act are discussed in *Knapp* v. *Ellyson Realty Co., Inc.* (1937), 211 Ind. 180, 5 N. E. (2d) 973, and *Polish National Alliance* v. *Hyzy* (1936), 210 Ind. 619, 4 N. E. (2d) 544. These cases are not cited as authority upon the questions here presented, but as a matter of history and as a general discussion of some features of the 1931 act.

The new act provides the only method of foreclosing mortgages executed after it became effective. The 1881 act remained in force for one purpose only, and that was to provide the procedure for foreclosing mortgages executed prior to June 30, 1931. The 1881 act is a general act applying to all sales of real estate on execution or decretal order. The 1931 act is a special act providing fully and completely a method of foreclosure of all mortgages upon real estate executed

after the effective date of that act, and expressly repeals all laws in conflict therewith.

The title of the 1931 act reads as follows:

"An Act concerning proceedings in actions to foreclose real estate mortgages, providing for the sale and custody of the mortgaged premises and repealing all laws in conflict therewith."

It appears at once from the title of the act, as well as from the terms, that it was intended to be and is inconsistent and repugnant to the terms of the prior law in reference to foreclosures of real estate mortgages executed after June 30, 1931. Even if the 1931 act did not by express terms repeal all laws in conflict therewith, nevertheless its terms are so inconsistent and repugnant to the acts of 1881 that its effect would be to repeal such former acts to the extent of the repugnancy and inconsistency between them. *Stiers v. Mundy* (1910), 174 Ind. 651, 656, 92 N. E. 374; *DeHaven v. Municipal City of South Bend* (1937), 212 Ind. 194, 7 N. E. (2d) 184.

Since the 1931 act specifically covers the same subject-matter embraced in the old general law providing for foreclosure, and completely provides a procedure to be followed, it operates to repeal the general law to the extent of any conflict or repugnancy therein. *State ex rel. v. Greenwald* (1917), 186 Ind. 321, 327, 116 N. E. 296; *Kingan & Co. v. Ossam* (1921), 190 Ind. 554, 557, 131 N. E. 81.

The 1931 act does not purport to amend any other act. It is a new, independent, and complete act within itself. It does not come within the terms of section 21, Article 4, of the state Constitution. That section only applied where there is an attempt to revise or amend an old act by mere reference to the title. If chapter 90 of the Acts of 1931 were amendatory of a former act, then the title should conform to section 21,

Article 4, but since it is an independent act affording a complete procedure for foreclosure of mortgages thereafter executed, even though the effect might be to amend the act of 1881, nevertheless, it is not violative of that provision of the Constitution. *State ex rel.* v. *Greenwald, supra; State* v. *Gerhardt* (1896), 145 Ind. 439, 452, 44 N. E. 469; *Advisory Board, etc.,* v. *State ex rel.* (1908), 170 Ind. 439, 85 N. E. 18; *Branham* v. *Lange, Auditor* (1861), 16 Ind. 497, 502; *Pike County Coal Corp.* v. *Industrial Board* (1933), 205 Ind. 702, 188 N. E. 204.

In the case last cited this court held that the act of 1927 repealed section 40 of the Indiana Workmen's Compensation Act by making a new law which took the place of the old, and, since the new act was complete in itself, it did not violate that provision of the Constitution.

It is said in *Board, etc.* v. *Lindeman* (1905), 165 Ind. 186, 190, 73 N. E. 912, that:

"The act in controversy does not profess to be an amendment of any statute. It is true that it refers to existing laws and to some extent modifies the same by implication, but it is not an amendment within the meaning of article 4, §21, of the Constitution, and is not in violation thereof."

Appellees' other objection to the 1931 act is that it violates section 19, Article 4, of the Constitution, for the reason that subjects embraced in the act are not expressed in the title. It has been held numerous times that it is not necessary under that section of the Constitution to recite in the title every detailed matter related to or connected with the particular subject, but only the general subject of the legislation. In *DeHaven* v. *Municipal City of South Bend, supra,* this court said (p. 200):

"In considering the constitutionality of an act in reference to its title, a very liberal interpretation

will be adopted, rather than a critical construction calculated to defeat it. It is pointed out in many cases that the 'subject' of an act is the thing about which the legislation is had, and it need not contain an index or an abstract of its various provisions."

There are many decisions to the same effect.

It is clear that the 1931 act must be held to be a new and complete act controlling the foreclosure of all real estate mortgages executed after it became effective; that it does not purport to amend any former act, but is broad in its terms and covers the entire field for the foreclosure of all real estate mortgages executed after that date. The court is not confronted with a question involving two laws upon the same subject. The 1881 act has no application whatever to the foreclosures of real estate mortgages executed after June 30, 1931. It provides a method only for the foreclosure of such mortgages executed prior to that date. No fault can be found with the title of the 1931 act.

From these conclusions it follows that the trial court erred in its conclusions of law Nos. 7 and 8. Therefore, the court is instructed to restate its conclusions Nos. 7 and 8 according to the terms of this opinion and chapter 90 of the Acts of 1931, and render judgment accordingly.

Judgment is reversed.