THOMAS W. WILLIAMS *vs.* CITY OF NEW BEDFORD.

Bristol.    February 9, 1939. — May 24, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Municipal Corporations*, Officers and agents. *Public Officer.*

An office created by municipal ordinance may be abolished by ordinance during the term of the incumbent provided such action is in good faith, and in that case the incumbent thereupon ceases to be an officer and his right to compensation ceases.

CONTRACT. Writ in the Third District Court of Bristol dated May 2, 1938.

On removal to the Superior Court, the action was heard by *Hurley*, J.

*W. B. Perry, Jr.*, for the plaintiff.

*A. P. Doyle*, City Solicitor, for the defendant.

DOLAN, J.   This is an action of contract in which the plaintiff seeks to recover three weeks' pay alleged to be due him from the defendant as its city engineer.  The case was heard on a "Statement of Agreed Facts."  The judge "found" for the defendant and the case comes before us on the plaintiff's appeal.  See G. L. (Ter. Ed.) c. 231, § 96.

On September 9, 1937, at a convention held by the city council of the defendant to elect and appoint city officers, under an ordinance providing that a convention be held on the second Thursday in April of each year to elect and appoint city officers including a city engineer, the plaintiff was elected and appointed city engineer for the term ending in April, 1938, or until his successor was elected and qualified.  The compensation of the city engineer had been fixed by an ordinance passed on April 13, 1933, at $4,000 per year, or $76.92 a week.

The plaintiff entered upon the performance of his duties, and received his compensation weekly, until March 24, 1938, when the city council, "in the interest of economy," passed an ordinance abolishing the offices of city engineer and superintendent of streets, and merged them in one under the title of commissioner of public works.  On April 14, 1938, the city council held its customary convention but did not choose a city engineer.  The plaintiff contends that he is entitled to recover compensation for the period from March 24, 1938, to April 14, 1938.

It is established that where a public office has been created by the Legislature, and not by the Constitution, the occupant may be deprived of the office without recourse, by subsequent legislative action changing, regulating or limiting the tenure or abolishing the office itself before the end of the term, "as public exigency or policy may require." *Taft* v. *Adams*, 3 Gray, 126, 130.  *Opinion of the Justices*, 117 Mass. 603, 604.  *Graham* v. *Roberts*, 200 Mass. 152, 157.  *Barnes* v. *Mayor of Chicopee*, 213 Mass. 1, 4.  *Opinion of the Justices*, 216 Mass. 605, 606.  *Attorney General* v. *Tufts*, 239 Mass. 458, 480.  See also *Phelps* v. *Board of Education of West New York*, 300 U. S. 319, 322; *Groves*

v. *Board of Education of Chicago,* 367 Ill. 91, 95; *Morrall* v. *County of Monroe,* 271 N. Y. 48, 51.

In *Donaghy* v. *Macy,* 167 Mass. 178, at page 181, the court said, ". . . we know of no decision in this Commonwealth that the petitioner has a contract which binds, or purports to bind, the city to keep him in his office after the office shall have been abolished lawfully, except for the contract. It is going a long way to say that there was any contract, however qualified, to continue the petitioner in office during his term, or to accept the corollary that the petitioner had not a right to resign whenever he saw fit. But the notion that an appointment for a term under an ordinance providing that the officer shall be removable for cause, without more, is a contract that the office shall be kept up for the term irrespective of the public welfare, seems to us to go beyond any possible view, and to be contrary to such decisions as we have seen which bear upon the point. . . . It is not to be presumed that the repeal of the ordinance was a mere device to get rid of the petitioner, and the petition does not allege such a case." We think it must be held to be a general rule, now well settled, that an office or position created by municipal ordinance may be abolished by ordinance, provided such action is taken in good faith, and that in such case the one whose office is thus abolished ceases to be an officer and that his right to compensation ceases with his office. *Chandler* v. *Lawrence,* 128 Mass. 213, 215. *Mayor of Cambridge* v. *Cambridge,* 228 Mass. 249, 251. *O'Neill* v. *Williams,* 53 Cal. App. 1, 4. *State* v. *Mayor of Butte,* 69 Mont. 232. *People* v. *Mayor & Common Council of Brooklyn,* 149 N. Y. 215. *Heath* v. *Salt Lake City,* 16 Utah, 374. *State* v. *Colson,* 7 Ohio App. 438. *State* v. *Seattle,* 74 Wash. 199, 204, 205, and cases cited. *Stone* v. *Mahon,* 88 S. C. 576, 579. *Downey* v. *State,* 160 Ind. 578, 581, and cases cited. *Fitzsimmons* v. *O'Neill,* 214 Ill. 494. *McBride* v. *Mayor & Common Council of Bayonne,* 45 Vroom, 398, 399. *Anderson* v. *Weehawken,* 97 N. J. L. 371. *Schneidler* v. *Atlantic City,* 101 N. J. L. 32, 36. *Wittmer* v. *New York City,* 50 App. Div. (N. Y.) 482, 486. *State* v. *Pinkerman,* 63 Conn. 176, 194. *Marden* v. *Ports-*

*mouth,* 59 N. H. 18, 20.  2 Dillon, Mun. Corp. § 479.  See 4 Am. L. R. 205-206.  In so far as *Chase* v. *Lowell,* 7 Gray, 33, in its statements may be in conflict with this conclusion it is not followed.

It is recognized, of course, that "There is a real and fundamental distinction between the laudable abolition of an unnecessary position and the discharge of a faithful employee in violation of the rights secured to him by statute; and [that] the latter action can neither be concealed nor protected by a pretense that it was an exercise of the former right."  *Garvey* v. *Lowell,* 199 Mass. 47, 50.  *Commissioner of Public Works of Boston* v. *Justice of the Municipal Court of Boston,* 228 Mass. 12, 17.  See also *O'Neill* v. *Williams,* 53 Cal. App. 1, 4.  *State* v. *Mayor of Butte,* 69 Mont. 232. No facts, however, appear in the case at bar to bring it within the latter principle just stated.  It follows that in the instant case the ordinance abolishing the office of city engineer held by the plaintiff and merging its duties with those of another city office was valid, and that, upon its passage, the plaintiff ceased to be an officer of the city, and his right to compensation came to an end with his office.  The finding of the judge for the defendant, which we treat as an order for judgment, is therefore

*Affirmed.*