[Civ. No. 9345.    Fourth Dist., Div. One.    Oct. 17, 1969.]

GEORGE DeHAVEN, Plaintiff and Appellant, v. CITY OF NATIONAL CITY, Defendant and Respondent.

Frank G. Prantil for Plaintiff and Appellant.

Donald F. McLean, Jr., City Attorney, for Defendant and Respondent.

BROWN (Gerald), P. J.—George DeHaven appeals from a judgment denying his petition for a writ of mandamus to require the City of National City to reinstate him as Deputy Civil Defense Director and pay him his back salary.

The appeal being based on the judgment roll, we look chiefly to the court's findings for the facts.

In 1962, by ordinance, National City created a civil defense department with, among other positions, a chairman, a director and vice chairman, an assistant director and a deputy director. From the civil service eligibility list the city council appointed DeHaven as deputy director.

On June 28, 1966, the city council elected to delete the position of deputy director from the 1966-1967 budget; informed DeHaven; on July 12, 1966, adopted a tentative budget with the position deleted, ordered his vacation and termination pay; told him his position was abolished.

DeHaven appealed to the Civil Service Commission contending his position having been created by ordinance could be abolished only by ordinance. In November 1966 the commission denied his appeal.

In December by ordinance the city council deleted the position of deputy director.

The trial court concluded, assuming DeHaven's position was correct in requiring an ordinance to change an ordinance, here there was an ordinance deleting DeHaven's position. But none was required. No particular method was required to abolish DeHaven's position. The court stated: "[A]ny official action of the City Council reasonably calculated to effect the abolition of [the] position must be recognized. The adoption of a tentative budget . . . with the City Council specifically having in mind the abolition of a particular position in the competitive service, is an official act of sufficient dignity to effect the abolition of a position in the competitive service." In addition the court concluded the positive act of eliminating the salary for the position abolishes it by implication.

We point out first DeHaven has petitioned for more than he concedes is due him. He asks for mandate to compel his reinstatement as deputy director of civil defense, and payment of back salary, arguing the position could be abolished only by

city ordinance, it having been created by ordinance. There was such an ordinance. At most DeHaven would be entitled to salary until its effective date.

We face, however, the question whether the first method used here, recited above, abolished DeHaven's position. We hold it did.

■ DeHaven's deputy directorship was created by councilmanic action. The abolition of his position was again by councilmanic action when the city council unanimously decided to omit funds for the deputy directorship from the city's budget. DeHaven does not question the council's specific intent to abolish his position nor does he question its good faith. His sole contention is, to be effective, the council's unanimous vote should have been directed toward adopting an ordinance.

The specific procedures for abolishing civil defense positions created by ordinances are not spelled out in the ordinance itself, by state law, or in the ordinance creating National City's civil service system. Under these circumstances, we feel any method which requires good faith council action with the specific intent to abolish the employment position is of sufficient dignity to accomplish that purpose.

*Placer County Emp. Assn.* v. *Board of Supervisors,* 233 Cal.App.2d 555, 559 [43 Cal.Rptr. 782] states: "The power to reorganize, abolish and create offices has a necessary impact on the civil service system, enlarging or restricting its scope or affecting the tenure of an incumbent. Enlargement or diminution of the class of exempt positions has a similar effect. Decisions in California and other states hold that the adoption of a civil service system does not restrict the governing body's power to effect structural reorganizations in the interests of economy and efficiency, even though it entails abolition of a civil service position. [Citations.] The courts have adopted the criterion of good faith to weigh the legality of actions abolishing civil service positions. The action will be upheld if taken in good faith, but invalidated if it is a subterfuge for the piecemeal dissolution of the civil service system [Citation], or a sham method of ousting an unwanted employee. [Citations.] Reorganization of governmental offices promulgated in good faith and for reasons of efficiency or economy does not 'nullify the basic principle' of civil service even though it results in abolition of one or several civil service positions."

*Childress* v. *Peterson,* 18 Cal.2d 636, 640 [117 P.2d 336] recognizes city civil service positions may be abolished for

reasons of economy by eliminating funds for the position from the budget where the action is taken with the intent to eliminate the positions and no other procedures are required by law.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.