Darrell CORN, Plaintiff-Appellant,

v.

CITY OF OAKLAND CITY, Indiana, Robert Burton, Mayor of the City of Oakland City, Indiana; and James Deffendol, Cecil Earles, Janice Reed, William Woods, Cletus Hardin, and Leonard Mills, Members of the Common Council of the City of Oakland City, Indiana, Defendants-Appellees.

No. 1–1179A323.

Court of Appeals of Indiana, First District.

Jan. 27, 1981.

Virginia M. O'Leary, Oakland City, for plaintiff-appellant.

James G. McDonald, Jr., Princeton, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Darrell Corn appeals from the granting of summary judgment in favor of the City of Oakland City (City); Robert Burton, Mayor of the City (Mayor); and James Deffendol, Cecil Earles, Janice Reed, William Woods, Cletus Hardin, and Leonard Mills, members of the Common Council of the City (Council), in Corn's action seeking to invalidate an ordinance adopted by the Council repealing a prior ordinance creating a City Court. We affirm.

## STATEMENT OF FACTS

The facts in this case have been stipulated by the parties. The stipulation reveals that in 1971 the City adopted Ordinance 1971–1 creating the office of city judge, providing the salary for such office, and prescribing qualifications for such office.

Corn began serving a four year term as city judge pursuant to the ordinance on January 1, 1972. On April 1, 1975, the Council adopted Ordinance 1975–2, approved by the Mayor, establishing salaries for elected officials of the City, including the city judge, for the term next following the election to be held November 4, 1975. On May 5, 1975, Corn was nominated for the office of city judge by the Democratic party in the primary election held on that date. Thereafter, on July 8, 1975, the City, by Ordinance 1975–4 adopted by the Council and approved by the Mayor, repealed Ordinance 1971–1 and that part of Ordinance 1975–2 which provided a salary for the city judge for the four year term to begin January 1, 1976.[1] Corn's name was on the ballot in the November, 1975, city election, and he was elected city judge for the four year term to begin at noon on January 1, 1976.

The City, contending that Ordinance 1971–1 has been repealed and the office of city judge thereby abolished, has refused to recognize Corn as city judge, and has not allowed him to serve or paid him any salary. Corn brought this action seeking a permanent injunction against enforcement of Ordinance 1975–4; a declaration that said ordinance is null and void; and an order requiring the City, Mayor, and Council to comply with Ordinances 1971–1 and 1975–2 throughout the four year term commencing at noon January 1, 1976. The trial court granted summary judgment in favor of the City, Mayor, and Council, defendants, on all issues. It is from this judgment that Corn appeals.

## ISSUES

The issues raised by Corn in this appeal, as renumbered and restated by us, are:

1. Did the City have the right to repeal the ordinance establishing the office of city judge, thereby abolishing that office, after Corn had been nominated in the primary election?

---

1. The repealing ordinance provided that Ordinance No. 1971–1 and the portion of Ordinance No. 1975–2 providing a salary for the city judge

2. Did Corn have a vested right in the office of city judge for the statutory term which vested right prevented the City from repealing the ordinance creating the office, thereby abolishing the office?

3. Did the actions of the City in enacting Ordinance 1975–4, impair contractual obligations between the City and Corn in violation of both federal and state constitutions?

4. Did the City, in acting to abolish the office of city judge, violate Article III of the Constitution of the State of Indiana by infringing upon the independence of the judiciary?

## DISCUSSION AND DECISION

*Issues One, Two, and Three*

It is well settled that the power to enact ordinances has as a necessary incident thereto the power to repeal unless that power is restricted in the law conferring it. *Vesenmeir v. City of Aurora*, (1953) 232 Ind. 628, 115 N.E.2d 734; *Mahuron v. City of Salem*, (1950) 120 Ind.App. 247, 91 N.E.2d 648; 20 I.L.E., *Municipal Corporations*, § 60 (1959); 56 Am.Jur.2d, *Municipal Corporations*, § 410 (1971); 62 C.J.S. *Municipal Corporations*, § 435 (1948). However, the power to repeal is subject to the limitation that no vested rights acquired under the ordinance sought to be repealed can be adversely affected. *Vesenmeir, supra; Mahuron, supra*; 20 I.L.E., *Municipal Corporations*, § 60 (1959); 56 Am.Jur.2d, *Municipal Corporations*, § 410 (1971). Neither can repeal impair any contractual obligations. 56 Am. Jur.2d, *Municipal Corporations*, § 410 (1971). Further, the rule that the power to repeal is necessarily implied from the power to enact does not apply "where the ordinance has been enacted under a narrow, limited grant of authority to do a particular designated thing in the manner and at the time fixed by the legislature, and which excludes the implication that the council was given any further authority over the subject than to do the one act." *Vesen-*

were repealed effective at 12:00 p. m. on December 31, 1975.

*meir, supra*, 232 Ind. at 632–33, 115 N.E.2d 734; *Simpson v. State, ex rel.*, (1912) 179 Ind. 196, 99 N.E. 980. It seems clear, therefore, the City could repeal Ordinance 1971–1 and the part of Ordinance 1975–2 unless such repeal is within one of the exceptions to the rule, or unless the City lacked the power to abolish the office of city judge.

■ It is generally held that unless prohibited by the constitution, an office created by the legislature may be changed, enlarged, abridged, or abolished entirely by the legislature. *Rogers v. Calument National Bank*, (1938), 213 Ind. 576, 12 N.E.2d 261; *State, ex rel. Yancey v. Hyde*, (1891) 129 Ind. 296, 28 N.E. 186; *State, ex rel. Ewing v. Bell*, (1888), 116 Ind. 1, 18 N.E. 263; *Hall v. Strickland*, (1965) Fla., 170 So.2d 827; *Jordan v. Metropolitan Sanitary Dist. of Greater Chicago*, (1958), 15 Ill.2d 369, 155 N.E.2d 297; *City of Jacksonville v. Smoot*, (1922) 83 Fla. 575, 92 So. 617; 63 Am.Jur.2d, *Public Officers and Employees*, § 33 (1972); 67 C.J.S. *Officers* § 14 (1978). (*See also: Dortch v. Lugar,* (1971) 255 Ind. 545, 266 N.E.2d 25.) Of course, an office created by the constitution cannot be abolished by the legislature, but only by constitutional amendment. 22 I.L.E., *Officers,* § 4 (1959); 63 Am.Jur.2d, *Public Officers and Employees,* § 35 (1972); 67 C.J.S. *Officers* § 14 (1978). Further, absent some constitutional prohibition, an office created by the legislature may be abolished by the legislature during the term of an incumbent. *Dortch v. Lugar, supra; State, ex rel. Yancey v. Hyde, supra; Rogers v. Calument National Bank, supra; Williams v. City of New Bedford,* (1939) 303 Mass. 213, 21 N.E.2d 265; *Hall v. Strickland, supra;* 63 Am.Jur.2d, *Public Officers and Employees,* § 34 (1972).

**2.** If the position was created by ordinance, it must be repealed by ordinance. The office may not be indirectly abolished such as by failing to appropriate salary for the position. *Gallagher v. Regan*, (1977) 42 N.Y.2d 230, 397 N.Y.S.2d 714, 366 N.E.2d 804; *Ball v. State*, (1977) 41 N.Y.2d 617, 394 N.Y.S.2d 597, 363 N.E.2d 323. (*Contra: DeHaven v. City of National City*, (1969) 276 Cal.App.2d 810, 81 Cal.Rptr. 342).

■ The rule that, in the absence of constitutional limitation, an office created by the legislature can be abolished by the legislature, even during the term of an incumbent, has also been applied to municipalities. Thus, an office created by municipal ordinance can be abolished by ordinance.[2] *Downey v. State, ex rel.*, (1903) 160 Ind. 578, 67 N.E. 450 (office of city attorney abolished by ordinance); *Goodwin, Clerk of City of Terre Haute v. State, ex rel. Foley,* (1895) 142 Ind. 117, 41 N.E. 359 (city attorney); *Williams v. City of New Bedford, supra; Dianis v. Waenke,* (1975) 29 Ill. App.3d 133, 330 N.E.2d 302 (village attorney); 56 Am.Jur.2d, *Municipal Corporations,* § 359 (1971); 62 C.J.S. *Municipal Corporations* § 467 (1948); 20 I.L.E., *Municipal Corporations,* § 72 (1959).

■ The rule permitting the legislature to abolish offices of legislative creation has been applied to courts and judgeships. Consequently, while the legislature may not abolish a court created by the constitution, it may abolish a court created by statute, either by repeal of the creating statute or by specific statute expressly abolishing the court. 20 Am.Jur.2d, *Courts*, §§ 23, 24 (1965). However, it has been held that the legislature cannot deprive a judge of his office before the expiration of his term by abolishing his office or the court served by the judge. *State, ex rel. Gibson v. Friedley,* (1893) 135 Ind. 119, 34 N.E. 872; 46 Am. Jur.2d, *Judges*, § 6 (1969). In *State, ex rel. Wadsworth v. Wright,* (1937) 211 Ind. 41, 44, 5 N.E.2d 504, our Supreme Court said:

> "It is well settled that judges and prosecuting attorneys may serve the constitutional term for which they are elected, and that the legislature cannot, by abolishing or changing a circuit, remove or legislate such officers from office prior to the expiration of their terms. . . ."

It has also been held that abolition of the office must be done in good faith. 62 C.J.S. *Municipal Corporations* § 467 (1948); 56 Am. Jur.2d, *Municipal Corporations,* § 239 (1971). However, no question of bad faith is raised in this case.

■ Both *Gibson* and *Wadsworth, supra,* involved legislative changes in judicial circuits and the effect upon the judge (*Gibson*) or prosecuting attorney (*Wadsworth*). Circuit judge and prosecuting attorney were at the time of those decisions, and still are, constitutional offices. The office of city judge is not a constitutional office.[3] The city council had the power to abolish the office it created.

■ There is no provision in the Indiana Constitution which prohibits a city from abolishing by ordinance the office of city judge created by ordinance. Thus, unless Corn had some vested right to the office, or some contractual interest therein, the City could, consistent with the authorities herein cited, repeal the ordinance establishing the office, thereby abolishing the office of city judge.

The question of whether or not an office holder or candidate or officer-elect has any vested right to an office has been clearly settled contrary to Corn's position. In *State, ex rel. Yancey v. Hyde, supra,* our Supreme Court, at 129 Ind. 302, 28 N.E. 186 said:

"Offices are neither grants nor contracts, nor obligations which can not be changed or impaired. They are subject to the legislative will at all times, except so far as the Constitution may protect them from interference. Offices created by the Legislature may be abolished by the Legislature. The power that creates can destroy. The creator is greater than the creature. The term of an office may be shortened, the duties of the office increased, and the compensation lessened, by the legislative will. [Citations omitted.]"

This statement is quoted in *Dortch v. Lugar, supra;* and *Rogers v. Calument National Park, supra.* Also supporting the view that an incumbent has no vested, property, or contractual right in his office are 63 Am.Jur.2d, *Public Officers and Employees,* §§ 9, 10 (1972). *See also: Hall v. Strickland, supra; City of Jacksonville v. Smoot, supra; Williams v. City of New Bedford, supra;* 56 Am.Jur.2d, *Municipal Corporations,* §§ 238, 239 (1971).

Having determined that there was no constitutional barrier to the abolition by ordinance of the office of city judge, and that Corn has no vested interest, we look to see if any statutory bar exists. The city judgeship in question was created by ordinance pursuant to Ind. Code 18–2–1–6. That statute contains no restriction or prohibition against amendment, change, or repeal. 1963 Op.Ind.Att'y.Gen. No. 1. The opinion of the attorney general just cited concludes that a city has the power to abolish the office of city judge by ordinance enacted for that purpose.[4]

■ Thus, we conclude that Corn had no vested right in the office of city judge adversely affected by the repeal of Ordinance 1971–1. Neither did he have any contractual obligation which was unconstitutionally impaired by the abolition of his office. Corn cites *Indiana ex rel. Anderson v. Brand,* (1938), 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685 *reh. den.,* 303 U.S. 667, 58 S.Ct. 641, 82 L.Ed. 1123, in support of his contention that he had a contractual obligation which was impaired by the repeal of the ordinance creating the office of city judge. This case is not in point. *Anderson* involved a dispute between a teacher and a

---

**3.** Constitutional courts established by Article 7, Section 1 of the Constitution of Indiana are the Supreme Court, Court of Appeals, and Circuit Courts. All other courts are legislative courts. *See also:* 1931–32 Op.Ind.Att'y.Gen. at 286 stating that the office of city judge is not a constitutional office but is purely a creature of the legislature. The City Court in Oakland City was created by ordinance enacted pursuant to enabling statute. (Ind.Code 18–2–1–6.) To the extent that *Gibson* and *Wadsworth* are predicated upon the constitutional status of the offices affected, they present no impediment to the action of the City in this case. Further, the repealer which abolished the office of city judge was not effective until the expiration of the term then being served by Corn, the incumbent judge. Thus, Corn was not deprived of his office, or any of the emoluments thereof, prior to the expiration of his term.

**4.** *See also:* 1931–32 Op.Ind.Att'y.Gen. at 286 pertaining to the right of the legislature to abolish city courts.

school trustee involving the applicability of the Indiana Teacher Tenure law to her contract. The Supreme Court of the United States clearly distinguished between teachers' contracts and public offices. Corn further cites *Perry v. Sinderman*, (1972) 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570, and *Board of Regents of State Colleges v. Roth*, (1972) 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, in support of his contention of a property right in his office. These cases are readily distinguishable. They involve claims of wrongful dismissal from college teaching positions because the teacher exercised his constitutional right of free speech in a manner critical of the college administration.[5]

Therefore, we hold that the City had a right to repeal the ordinance which created the office of city judge, thereby abolishing that office, that no constitutional, property, or contract right of Corn was violated thereby, and that Corn is not entitled either to serve as city judge after noon January 1, 1976, or to receive any salary for such office after that date. At the expiration of his then current term at noon on January 1, 1976, the office ceased to exist, he ceased to be an officer, and had no further rights to compensation. *Williams v. City of New Bedford, supra.*

*Issue Four*

█ Corn contends the abolition of the office of city judge by the City violated Article III of the Constitution of Indiana by infringing upon the independence of the judiciary. He presents neither any argument nor citations of authority in support of such position. Indiana Rules of Proce-

dure, Appellate Rule 8.3(A)(7) is violated by failure to present cogent argument and citation of authority in support of an issue raised on appeal, and the issue is thereby waived. *Krueger v. Bailey*, (1980) Ind.App., 406 N.E.2d 665; *Southerland v. Calvert*, (1974) 162 Ind.App. 606, 320 N.E.2d 803.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.

---

5. In *Roth*, a non-tenured teacher in the Wisconsin State University system was advised that his contract would not be renewed for the ensuing year. He claimed he was dismissed because he had made statements critical of the administration. The only question presented was whether Roth had a constitutional right to a statement of reasons and a hearing on the decision not to rehire him. The Supreme Court held he did not and that he did not have a *property* interest sufficient to require being afforded a hearing before declining to review his employment.

In *Perry v. Sinderman*, Sinderman had been employed in the state college system in Texas

by a series of four one-year contracts. He became involved in a controversy with the Board of Regents. The Board voted not to offer him a contract for the next year, issuing a press release setting forth allegations of insubordination. Sinderman sued claiming the decision not to rehire was based on his criticism and infringed on his right of free speech. The college had no tenure system but had a provision in its official Faculty Guide allegedly conferring an unofficial tenure status. In *Sinderman* the court held it was error to have granted summary judgment in favor of the Regents.